Bryan K. LOCKRIDGE, Petitioner—
Appellee,

v.

A.K. SCRIBNER, Warden,
Respondent—Appellant.

No. 04–56059.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Filed July 20, 2006.

Before: BRIGHT*, B. FLETCHER, and
SILVERMAN, Circuit Judges.

MEMORANDUM **

Appellee Bryan Lockridge was granted habeas relief by the district court pursuant to its determination that the state court's refusal to instruct the jury on self-defense violated Lockridge's constitutional rights. The state appeals. We affirm.

## I.

Lockridge was convicted by a jury of the attempted murder of a police officer. At trial, Lockridge testified that he was fired upon while he had his hands raised in the air, trying to surrender to two police officers. Lockridge also presented two witnesses who testified that they saw Lockridge with his hands in the air before shots were fired. The trial judge declined to instruct the jury as to the law of self-defense, however.

The jury was absorbed by the question of whether Lockridge or the officers fired first. During their deliberations, they sent a note to the judge asking, "If we believe Bryan Lockridge did not shoot first can we still find him guilty of attempted murder???" At this point, Lockridge again requested an instruction on self-defense, and the trial judge again declined to provide it.

---

\* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## II.

A district court's decision to grant or deny a 28 U.S.C. § 2254 habeas petition is reviewed de novo. *Leavitt v. Arave,* 371 F.3d 663, 668 (9th Cir.2004); *Beardslee v. Woodford,* 358 F.3d 560, 568 (9th Cir.2004). If it is necessary to review the district court's findings of fact, they are reviewed for clear error. *Riley v. Payne,* 352 F.3d 1313, 1317 (9th Cir.2003); *Alcala v. Woodford,* 334 F.3d 862, 868 (9th Cir.2003).

Lockridge's petition was filed after April 24, 1996, so the Antiterrorism and Effective Death Penalty Act (AEDPA) applies. *Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under AEDPA, a federal court is permitted to grant habeas relief only if the state court adjudication "1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The district court was correct in concluding that the trial judge's refusal to instruct Lockridge's jury on the law of self-defense was an unreasonable application of clearly-established Supreme Court precedent. It has long been established that, "[w]hether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Crane v. Kentucky,* 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) (internal citations omitted), quoting *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); *see also Holmes v. South Carolina,* —— U.S. ——, 126 S.Ct. 1727, 1731, 164 L.Ed.2d 503 (2006) (affirming this principle). It is equally well-established that "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States,* 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988); *see also Stevenson v. United States,* 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980 (1896).

The evidence presented at trial was sufficient for a reasonable jury to conclude that Lockridge had fired in self-defense. In refusing to instruct the jury on the law of self-defense, the trial judge unreasonably denied Lockridge a meaningful opportunity to present a complete defense.

## III.

The judgment of the district court is **AFFIRMED.**

SILVERMAN, Circuit Judge, dissenting:

The police officers testified that they fired at Lockridge when he suddenly turned and pointed a gun at them. The passers-by testified that they did not see whatever precipitated the shooting. And Lockridge himself testified that he never aimed at or shot at the officers at all, in self-defense or otherwise. On this record, the state court ruled, as a matter of state law,[1] that the evidence of self-defense was too slight to warrant a self-defense instruction. I am hard-pressed to see how this ruling was even erroneous, much less an unreasonable application of, or contrary to, federal law as determined by the United States Supreme Court.

The majority's reliance on *Mathews v. United States,* 485 U.S. 58, 108 S.Ct. 883,

---

**1.** *See People v. Flannel,* 25 Cal.3d 668, 674,     160 Cal.Rptr. 84, 603 P.2d 1 (Cal.1979).

99 L.Ed.2d 54 (1988) is terribly mistaken. *Mathews* is not a constitutional case. In fact, the constitution is not even mentioned in *Mathews,* except to acknowledge that the entrapment defense is "not of 'constitutional dimension.'" *Id.* at 66, 108 S.Ct. 883 (quoting *United States v. Russell,* 411 U.S. 423, 433, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973)). *Mathews* was a direct appeal interpreting the federal law of entrapment. The question was whether a federal defendant must admit to all of the elements of an offense as a prerequisite to receiving an entrapment instruction in federal court. The Court ruled that he does not. *Mathews,* 485 U.S. at 64–66, 108 S.Ct. 883. In no way, shape or form does *Mathews* hold that, as a matter of constitutional right, a theory-of-defense instruction must be given no matter how weak the evidence.

The majority's reliance on *Crane v. Kentucky,* 476 U.S. 683, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986), is even more puzzling. That case has nothing whatsoever to do with jury instructions. In *Crane,* the Court held that the exclusion of trial testimony about the circumstances of a defendant's confession violated due process where the defense contended that the confession was unreliable.

In short, the majority has cited no Supreme Court case establishing a constitutional right to a self-defense instruction in these circumstances. The California Court of Appeal's decision is simply not contrary to federal law as determined by the Supreme Court. Whether Lockridge was entitled to the self-defense instruction given the evidence adduced is a question of California criminal law of which the California Supreme Court is the ultimate expositor. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *see also Bradshaw v. Richey,* 546 U.S. 74, 126 S.Ct. 602, 604, 163 L.Ed.2d 407 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

Because the California Court of Appeal's decision was not contrary to or an unreasonable application of federal law as determined by the Supreme Court, a writ of habeas corpus should not have been granted. I respectfully dissent.