**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIAD AKHTAR, | No. 09-15662 |
| Petitioner - Appellant, | D.C. No. CV-03-02674- MCE-GGH |
| v. | |
| MIKE KNOWLES, Warden, | MEMORANDUM * |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California,
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted March 8, 2010
San Francisco, California

Before: B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Javiad Akhtar appeals the denial of his habeas corpus petition. His appeal

raises six claims of ineffective assistance of counsel. Because we agree with the

district court that the state court decision rejecting the claims was not

unreasonable, we affirm. *See* 28 U.S.C. § 2254(d).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

To establish ineffective assistance of counsel, Akhtar must show both that his counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). As to each of his claims, Akhtar has failed to make the necessary showing.

First, Akhtar's counsel did not render ineffective assistance by failing to challenge the appointment of one instead of two psychiatrists or psychologists because Akhtar was entitled to only one court-appointed psychiatrist or psychologist. Under California law, if a doubt arises in the judge's mind as to a defendant's mental competence to stand trial and if the defendant's counsel informs the court that the defense is not seeking a finding of incompetence, then the court is required to appoint a second psychiatrist or psychologist to examine the defendant. *See* Cal. Penal Code § 1369. Here, neither Akhtar nor his counsel informed the court that Akhtar was not seeking a finding of incompetence. Moreover, even if trial and appellate counsels' performance was deficient in not procuring examination by a second psychiatrist or psychologist, Akhtar has failed to show a reasonable probability that the result of the trial would otherwise have been different had the court appointed a second psychiatrist or psychologist.

-2-

Akhtar next asserts his appellate counsel was ineffective for failing to appeal the district court's evidentiary ruling that the victim could be accompanied by a support person during her trial testimony; Akhtar claims the presence of a support person violated his rights under the Confrontation Clause. First, Akhtar has failed to show that his appellate counsel's failure to appeal this evidentiary ruling fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. Akhtar was not denied any of the four Confrontation Clause guarantees: Akhtar was able to confront the witness face to face, the witness testified under oath, Akhtar was able to cross-examine the witness, and the jury was able to observe the demeanor of the witness. *See Maryland v. Craig*, 497 U.S. 836, 845-46 (1990). Further, Akhtar has failed to give any basis to support a finding that appellate counsel's failure to appeal this issue was prejudicial.

Akhtar next claims that counsel rendered ineffective assistance by failing to appeal the district court's evidentiary ruling that allowed the introduction of evidence of the injury Akhtar caused to the victim's genitals. Because federal courts lack the authority to review the correctness of state court evidentiary rulings in federal court habeas proceedings, *see Bradshaw v. Richey*, 546 U.S. 74, 76 (2005), the only issue is whether Akhtar has established that his appellate counsel was ineffective under *Strickland*. Akhtar has failed to give any reason why

appellate counsel's decision not to appeal the trial court's evidentiary ruling was a deficiency that fell below the objective standard of reasonableness. The evidence of injury to the victim's genitals was relevant to the crimes charged, especially the crime of torture. *See* Cal. Penal Code § 206 (every "person who, with the intent to cause cruel or extreme pain and suffering . . . inflicts great bodily injury . . . upon the person of another, is guilty of torture."). Accordingly, this claim also fails.

Akhtar contends that trial counsel erred by failing to request specific jury instructions regarding self-defense and imperfect/unreasonable self-defense and further claims his appellate counsel was ineffective for not appealing the lack of a self-defense instruction. These claims fail because not only was there insufficient evidence to support an instruction on self-defense or imperfect/unreasonable self-defense, but Akhtar has given no reason why his counsels' actions were ineffective. First, counsel's decisions not to request and not to appeal the lack of the two jury instructions are "strategic choices made after thorough investigation of law and facts relevant to plausible options [and] are virtually unchallengeable." *Raley v. Ylst*, 470 F.3d 792, 799 (9th Cir. 2006) (citing *Strickland*, 466 U.S. at 690). A disagreement with counsel's strategic decisions does not equate to ineffective assistance of counsel. *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir. 1984) (holding counsel's performance was sufficient even though he did not

request a lesser included offense instruction). Counsel may well have considered that such self-defense instructions would serve only to anger the jury, given the lack of evidence of self-defense. Second, a defendant is entitled to a jury instruction only "if the theory is legally cognizable and there is evidence upon which the jury could rationally find for the defendant." *United States v. Morton*, 999 F.2d 435, 437 (9th Cir. 1993) (holding that a "mere scintilla" of evidence supporting a defendant's theory is not sufficient to warrant a requested defense instruction). Here, as there was no more than a scintilla of evidence that Akhtar acted in self-defense and substantial evidence to the contrary, it was not ineffective for Akhtar's counsels not to request and not to appeal the lack of self-defense and imperfect/unreasonable self-defense jury instructions.

Finally, Akhtar's counsel did not render ineffective assistance by failing to object to jury instruction CALJIC No. 2.03, which instructs the jury that the defendant's deliberately false statements may be considered as a circumstance tending to prove a consciousness of guilt. In California, the instruction is proper in cases in which there is testimony that before trial the defendant had made several statements relating to the crime which were inconsistent with each other. *Turner v. Marshall*, 63 F.3d 807, 819-20 (9th Cir. 1995), *overruled in part on other grounds by Tolbert v. Page*, 182 F.3d 677 (9th Cir. 1999) (en banc). Akhtar made several

inconsistent pretrial statements concerning the incident and related to the crime for which he was tried.

**AFFIRMED.**