**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL GONZALEZ, | No. 08-55966 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-03227-PA-AN |
| v. | |
| FERNANDO GONZALEZ, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted September 1, 2010[**]
Pasadena, California

Before: O'SCANNLAIN, FISHER and GOULD, Circuit Judges.

Daniel Gonzalez appeals the denial of his petition for a writ of habeas corpus

challenging his California state court convictions. We granted a certificate of

appealability on one issue: whether the trial court's jury instruction on actual

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

danger deprived Gonzalez of due process and a fair trial. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

By giving the "actual danger" jury instruction on the attempted murder / attempted voluntary manslaughter count but omitting this jury instruction from the murder count, the trial court did not deprive Gonzalez of due process or a fair trial. The California Court of Appeal's conclusion that there was no instructional error is a binding interpretation of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). As a matter of federal law, the Court of Appeal's decision was not contrary to or an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d). The jury instructions on self-defense, imperfect self-defense, self-defense against assault, and absence of a duty to retreat—all of which applied to the murder count—adequately conveyed the substance of the "actual danger" instruction. The omission of the "actual danger" instruction from the murder count therefore did not deprive Gonzalez of his right to jury instructions on every element of the offense or on defenses supported by evidence in the record. *See Neder v. United States*, 527 U.S. 1, 12 (1999); *Mathews v. United States*, 485 U.S. 58, 63 (1988). Nor did omitting the instruction from the murder count "so infect[] the entire trial that the resulting conviction violate[d] due process."

2

*Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

We decline to certify for appeal the uncertified issues raised in Gonzalez's brief because he has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**AFFIRMED.**