NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELIJAH WHITE,

                Petitioner - Appellant,

    v.

DEBRA DEXTER, Warden,

                Respondent - Appellee.

No. 09-16270

D.C. No. 1:07-cv-01257-IEG-PCL

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted November 1, 2010[**]
San Francisco, California

Before: HALL and THOMAS, Circuit Judges, and LASNIK, Chief District
Judge.[***]

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]    The Honorable Robert S. Lasnik, Chief United States District Judge
for the Western District of Washington, sitting by designation.

Elijah White, a California state prisoner, appeals the district court's denial of his habeas corpus petition. We affirm. Because the factual and procedural background is familiar to the parties, we need not recount it here.

I

White challenges the jury instructions as ambiguous. On federal habeas review, the question is not whether the instruction was deficient. Rather, the question is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten,* 414 U.S. 141, 147 (1973)). Here, the California Court of Appeal determined that White's proposed definitions of residence and knowledge do not accurately reflect California law. We are bound by that determination. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). The state appellate court also determined that the "regularly resided" element was "squarely before the jury," even though not separately enumerated in the jury instructions. This conclusion was not objectively unreasonable. 28 U.S.C. § 2254(d). Thus, the district court properly concluded that the jury instructions given by the state trial court did not violate White's due process rights.

## II

The California Court of Appeal's conclusion that the term residence in Cal. Penal Code § 290 was not unconstitutionally vague was not an objectively unreasonable application of federal law.  28 U.S.C. § 2254(d).  As the California Court of Appeal pointed out, the definition given to the jury was the same definition in the prevailing case law prior to White's arrest, and should have given him notice of what conduct was prohibited.

## III

After thoroughly reviewing the record, and applying the appropriate standard of review, we conclude that there was sufficient evidence to support the verdict.  *See Jackson v. Virginia*, 443 U.S. 307, 326 (1979) (explaining that a federal court may grant a petition for habeas corpus due to insufficient evidence if it finds that no rational trier of fact could have found proof of guilt beyond a reasonable doubt.).

**AFFIRMED.**