MEMORANDUM **
Allen Hassan (“Hassan”) appeals the district court’s denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his California state court convictions for obstructing an executive officer, resisting a peace officer, speeding, driving without possession of valid registration, and assault on a peace officer. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
There are four certified issues in this appeal. Hassan first argues that because the California trial court did not give sua sponte a special unanimity instruction, Hassan was denied his right to a unanimous jury. The Appellate Department’s conclusion — in the last reasoned decision in this matter — that there was no error in the omission of the instruction is a binding interpretation of state law. See Bradshaw v. Richey, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005) (per curiam). Further, the Supreme Court “has never held jury unanimity to be a requisite of due process of law.” Johnson v. Louisiana, *132 406 U.S. 356, 359, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972). Thus, the state court’s rejection of Hassan’s claim was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. See 28 U.S.C. § 2254(d).
Hassan next contends that the jury instructions on assault, in light of expert testimony and argument by the prosecutor, violated his due process rights, and that additional clarifying instructions should have been given. However, Hassan has not met his “heavy” burden in these circumstances, Henderson v. Kibbe, 431 U.S. 145, 155, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977), to show that the omission “so infected the entire trial that the resulting conviction violates due process.” Cupp v. Naughten, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). The judge gave instructions on assault in accordance with California law, and further instructed the jury that, “If anything concerning the law said by the attorneys in their arguments or at any other time during the trial conflicts with my instructions on the law, you must follow my instructions.” These instructions, which we presume were followed, Fields v. Brown, 503 F.3d 755, 782 (9th Cir.2007), show that any potential confusion from testimony or argument did not so infect the outcome of the trial and resulting conviction as to violate due process. The state court’s rejection of this claim was not contrary to, nor an unreasonable application of, clearly established federal law.
Third, Hassan claims that misconduct by the prosecutor in closing argument violated his due process rights. This claim also fails because the prosecutor’s argument did not so infect the trial with unfairness as to deprive Hassan of due process. See Hein v. Sullivan, 601 F.3d 897, 912 (9th Cir.2010) (quoting Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986)). The argument that is the subject of this claim was an unfinished, ambiguous remark at the end of the closing statement that was not emphasized by the prosecutor. Furthermore, Hassan cannot show he suffered prejudice from any improper suggestion by the prosecutor on assault because the jury instructions cured any confusion.
Finally, Hassan argues that his trial counsel rendered ineffective assistance in a number of different respects, in violation of his Sixth Amendment rights. The Appellate Department, citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), determined that counsel’s representation did not fall below an objective standard of reasonableness. Trial counsel’s failure to object at several junctures in the testimony was not unreasonable, as some of the testimony was arguably admissible, and counsel might have elected not to object for acceptable or strategic reasons. Trial counsel’s decision not to introduce evidence of prior complaints against the officer in exchange for the prosecutor’s promise not to introduce' evidence of prior incidents involving Hassan was a reasonable tactical choice. Counsel’s decision not to introduce additional expert testimony was similarly reasonable given that several experts had already testified on the subjects in question. On both these issues we must give deference to the proper scope of strategic decision-making by counsel. See Strickland, 466 U.S. at 690-91, 104 S.Ct. 2052; Rompilla v. Beard, 545 U.S. 374, 380-81, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005). As to each of these claims of ineffective assistance of counsel, the state court did not unreasonably apply clearly established federal law in determining that the performance of *133 Hassan’s counsel met an objective standard of reasonableness.
Although the dissent points to troubling issues in the record, we are bound by AEDPA, which establishes a “highly deferential standard for evaluating state-court rulings.” Woodford v. Visciotti, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam) (internal quotation and marks omitted). In arguing that the state court’s rejection of Hassan’s due process claim was contrary to or an unreasonable application of Supreme Court law, the dissent points only to general due process standards. But where a Supreme Court case sets “a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.” Knowles v. Mirzayance, - U.S. -, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009). Under this deferential standard of review, the state court’s decision was neither contrary to nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.