**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JAMES MOODY, | No. 09-35997 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-05204-RJB |
| v. | |
| SCOTT FRAKES, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted November 5, 2010
Seattle, Washington

Before: B. FLETCHER and BYBEE, Circuit Judges, and WILKEN, District
Judge.[**]

Petitioner-Appellant James Moody appeals the district court's denial of his

petition for writ of habeas corpus sought on ineffective assistance of counsel

grounds. We have jurisdiction under 28 U.S.C. §§ 1291, 2253(a). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Claudia Wilken, United States District Judge for the
Northern District of California, sitting by designation.

Moody argues that the Washington Court of Appeals unreasonably concluded that he was not prejudiced by defense counsel's failure to challenge the comparability of his out-of-state convictions to a strike offense under Washington's Persistent Offender Accountability Act, Wash. Rev. Code Chapter 9.94A. Under that statute, Moody's most recent conviction was deemed a third strike, which resulted in a sentence of life without the possibility of parole.

Defense counsel did not argue to the trial court that his out-of-state convictions were not comparable to assault in the second degree. Although appellate counsel made a very limited comparability argument on appeal, the Washington Court of Appeals engaged *sua sponte* in a detailed comparability analysis and held that Moody's 1987 California conviction for assault with a deadly weapon, Cal. Penal Code § 245 (1987), and 1993 Utah conviction for aggravated assault with a dangerous weapon, Utah Code Ann. § 76-5-103 (1993), were legally and factually comparable to the strike offense of assault in the second degree, under Wash. Rev. Code § 9A.36.021(1)(c).

Moody contends that the Washington Court of Appeals' comparability analysis was erroneous and, further, conducted in violation of Washington's waiver doctrine. Habeas corpus relief, however, does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Even if Moody were correct, the

Washington Court of Appeals' determination of comparability is a binding interpretation of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Moody, therefore, cannot show a reasonable probability that, but for defense counsel's failure to make a comparability argument, the result of his case would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Washington Court of Appeals' determination that Moody's ineffective assistance of counsel claim fails was not an unreasonable application of federal law.

AFFIRMED.