**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 11-1149

KENNETH WARE,

Petitioner, Appellant,

v.

THOMAS E. DICKHAUT,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Boudin, Howard and Thompson,
Circuit Judges.

Kenneth Ware on brief pro se.
Amy L. Karangekis, Assistant Attorney General, and Martha
Coakley, Attorney General, on brief for appellee.

December 7, 2011

**Per Curiam**.  We have reviewed the record and the parties' submissions, and we affirm.  We bypass the question of whether the petitioner, Kenneth Ware ("Ware"), exhausted his federal due process claim in the state courts, see 28 U.S.C. § 2254(b)(2), and we affirm the denial of his claim on the merits.

Ware argues that there was insufficient evidence to support his conviction under the Massachusetts Armed Career Criminal statute.  See Mass. Gen. Laws Ch. 269, § 10G(b).  He contends that his prior drug conviction did not qualify as a predicate offense because it was not a "serious drug felony" as defined in Mass. Gen. Laws ch. 269, § 10G(e).  Subsection 10G(e) defines a "serious drug felony" as "an offense under chapter 94C involving the manufacture, distribution or possession with intent to manufacture or distribute a controlled substance [] for which a maximum term of ten years or more is prescribed by law."  Ware was previously convicted under Mass. Gen. Laws ch. 94C, §32A(a) of possession with intent to distribute a class B substance.  But he points to the fact that in that prior case, he was prosecuted in the state district court, where the maximum sentence he faced was only two and one-half years.  See Mass. Gen. Laws ch. 218, § 27.  If he had been prosecuted in the superior court, however, he would have faced a potential maximum sentence of ten years.  See Mass. Gen. Laws ch. 94C, § 32A(a).

The Massachusetts Appeals Court, interpreting Mass. Gen. Laws ch. 269, § 10G(e), concluded that under the state statute, Ware's previous conviction under Mass. Gen. Laws ch. 94C, § 32A(a) does qualify as a "serious drug felony" within the meaning of the state armed career criminal act.  See Commonwealth v. Ware, 75 Mass. App. Ct. 220, 223-25, 913 N.E.2d 869, 872-74 (2009).  This court is bound by that interpretation of the state statute.  See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus") (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)); see also Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law.").  Given that Ware's prior drug dealing conviction did qualify as a predicate offense under the state armed career criminal statute – a conclusion which the federal courts must respect – the evidence clearly was sufficient to support Ware's conviction as an armed career criminal.  Thus, his federal due process claim fails.

Affirmed.  See 1st Cir. R. 27.0(c).