**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MALCOLM BEAMON, | No. 09-56802 |
| Petitioner - Appellant, | D.C. No. 5:06-cv-00443-RSWL-PLA |
| v. | |
| L. E. SCRIBNER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Ronald S. W. Lew, District Judge, Presiding

Argued and Submitted March 5, 2012
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

Malcolm Beamon appeals the district court's denial of his habeas corpus

petition filed pursuant to 28 U.S.C. § 2254. We conclude that the California Court

of Appeal's determination on instructional error was not contrary to or an

unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

We also conclude that the California Court of Appeal erroneously determined that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

no sentencing error had occurred, but the court's error was harmless because the jury would have found one aggravating factor beyond a reasonable doubt. We affirm.

The California courts did not err, let alone unreasonably, in concluding that Beamon had not established the basis for a duress defense. Beamon failed to provide any evidence that a reasonable person would fear his life was in *immediate* danger as required for an instruction on duress. CALCRIM No. 4.40 (emphasis added). Under California law, threats and fear of *future danger* are not sufficient to warrant an instruction on duress. *Id.* Beamon only provided testimony of vague, future threats of harm. Given that Beamon played an active role in the robbery, the trial court's failure to instruct on duress did not "have a substantial and injurious effect or influence in determining the jury's verdict." *Fry v. Piller*, 551 U.S. 112, 116 (2007) (quotation marks omitted). Moreover, the evidence required to establish a duress defense is a matter of state law and a state court's holding on state law binds a federal court on habeas review. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

The California Court of Appeal's determination that no sentencing error occurred was contrary to federal law. *See Cunningham v. California*, 549 U.S. 270, 288–93 (2007); *see also Blakely v. Washington*, 542 U.S. 296, 303–04 (2004)*;*

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). On habeas review, state court errors are subject to harmless error analysis, however. *See Butler v. Curry*, 528 F. 3d 624, 648 (9th Cir. 2008).

We must find the sentencing error harmless unless we have "grave doubt" that a jury would have found one aggravating factor beyond a reasonable doubt. *Id*. The failure to submit the elements of the aggravating factors to the jury was ultimately harmless because the jury would almost certainly have found that the threat of great bodily harm existed beyond a reasonable doubt. *Id*. Many victims present during the armed robbery had a gun pointed at their heads, and a security guard fired a shot into the interior of the bank as the robbers were fleeing.

Accordingly, the district court correctly denied federal habeas relief.

**AFFIRMED.**