# BRADSHAW, WARDEN *v.* RICHEY

No. 05–101. Decided November 28, 2005

PER CURIAM.

In 1987, respondent Kenneth T. Richey was tried in Ohio for aggravated murder committed in the course of a felony. Evidence showed that respondent set fire to the apartment of his neighbor, Hope Collins, in an attempt to kill his ex-girlfriend and her new boyfriend, who were spending the night together in the apartment below. The intended victims escaped unharmed, but Hope Collins' 2-year-old daugh-

ter Cynthia died in the fire. At trial, the State presented evidence of respondent's intent to kill his ex-girlfriend and her boyfriend, but not of specific intent to kill Cynthia Collins. The State also offered expert forensic evidence to show that the fire had been started deliberately. Respondent did not contest this forensic evidence at trial because his retained arson expert had reported that the State's evidence conclusively established arson. Respondent was convicted of aggravated felony murder on a theory of transferred intent and sentenced to death. His conviction and sentence were affirmed on direct appeal, where he was represented by new counsel.

Respondent sought postconviction relief in state court. The state trial court denied his request for an evidentiary hearing and denied relief on all claims, and the state appellate court affirmed. Respondent then sought federal habeas relief. The District Court permitted discovery on certain issues, but ultimately denied all of respondent's claims. The Sixth Circuit reversed, holding that respondent was entitled to habeas relief on two alternative grounds. First, that transferred intent was not a permissible theory for aggravated felony murder under Ohio law, and that the evidence of direct intent was constitutionally insufficient to support conviction. Second, that the performance of respondent's trial counsel had been constitutionally deficient under *Strickland* v. *Washington*, 466 U. S. 668 (1984), in his retaining and mishandling of his arson expert and in his inadequate treatment of the State's expert testimony.

We now grant the State's petition for writ of certiorari and vacate the judgment below.

I

The Sixth Circuit erred in holding that the doctrine of transferred intent was inapplicable to aggravated felony murder for the version of Ohio Rev. Code Ann. § 2903.01(B) (Anderson 1982) under which respondent was convicted.

See *Richey* v. *Mitchell*, 395 F. 3d 660, 675 (2005). The Ohio Supreme Court's interpretation of that section, as announced in its review of respondent's case, directly contradicts the Sixth Circuit's analysis:

> "The fact that the intended victims escaped harm, and that an innocent child, Cynthia Collins, was killed instead, does not alter Richey's legal and moral responsibility. 'The doctrine of transferred intent is firmly rooted in Ohio law.' Very simply, 'the culpability of a scheme designed to implement the calculated decision to kill is not altered by the fact that the scheme is directed at someone other than the actual victim.'" *State* v. *Richey*, 64 Ohio St. 3d 353, 364, 595 N. E. 2d 915, 925 (1992) (citations omitted).

This statement was dictum, since the only sufficiency-of-evidence claim raised by respondent pertained to his setting of the fire. Nonetheless, its explanation of Ohio law was perfectly clear and unambiguous. We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. *Estelle* v. *McGuire*, 502 U. S. 62, 67–68 (1991); *Mullaney* v. *Wilbur*, 421 U. S. 684, 691 (1975).

The Sixth Circuit held that the Ohio Supreme Court's opinion should not be read to endorse transferred intent in respondent's case because such a construction would likely constitute "an unforeseeable and retroactive judicial expansion of narrow and precise statutory language," *Bouie* v. *City of Columbia*, 378 U. S. 347, 352 (1964), in violation of the Due Process Clause. 395 F. 3d, at 677 (citing *United States* v. *Lanier*, 520 U. S. 259 (1997); *Bouie*, 378 U. S., at 351). It is doubtful whether this principle of fair notice has any application to a case of transferred intent, where the defendant's *contemplated* conduct was *exactly* what the rel-

evant statute forbade, see *id.*, at 351. And it is further doubtful whether the doctrine of constitutional doubt permits such a flatly countertextual interpretation of what the Ohio Supreme Court said, see *Salinas* v. *United States,* 522 U. S. 52, 59–60 (1997). But assuming all that, Ohio law at the time of respondent's offense provided fully adequate notice of the applicability of transferred intent. The relevant *mens rea* provision in § 2903.01(D) required only that "[n]o person shall be convicted of aggravated murder unless he is specifically found to have intended to cause the death *of another."* Ohio Rev. Code Ann. § 2903.01(D) (Anderson 1982) (emphasis added). Respondent's intention to kill his ex-girlfriend and her boyfriend plainly came within this provision. There was no reason to read "another" (countertextually) as meaning only "the actual victim," since the doctrine of transferred intent was "firmly rooted in Ohio law." *State* v. *Sowell,* 39 Ohio St. 3d 322, 332, 530 N. E. 2d 1294, 1305 (1988) (citing *Wareham* v. *State,* 25 Ohio St. 601 (1874)). Respondent could not plausibly claim unfair surprise that the doctrine applied in his case. See *Lanier, supra,* at 269–270 (requiring, as adequate notice for due process purposes, only "reasonable warning," rather than fundamentally similar prior cases).

The foregoing provision was in effect at the time of respondent's crime in 1986. The Sixth Circuit reasoned, however, that the following subsequent clause in the version of § 2903.01(D) that existed in 1986 foreclosed transferred intent in this case:

> "If a jury in an aggravated murder case is instructed that a person who commits or attempts to commit any offense listed in division (B) of this section *may be inferred,* because he engaged in a common design with others to commit the offense by force or violence or because the offense and the manner of its commission would be likely to produce death, *to have intended to*

*cause the death of any person who is killed* during the commission of . . . the offense, the jury also shall be instructed that . . . it is to consider all evidence introduced by the prosecution to indicate the person's intent and by the person to indicate his lack of intent in determining *whether the person specifically intended to cause the death of the person killed . . . .*" Ohio Rev. Code Ann. § 2903.01(D) (Anderson 1982) (emphasis added).

Contrary to the Sixth Circuit's reading, see 395 F. 3d, at 673, this clause by its terms did not apply to every case in which the defendant was charged with aggravated felony murder, but rather only to those in which intent to kill was sought to be proved from the inherent dangerousness of the relevant felony. See *State* v. *Phillips*, 74 Ohio St. 3d 72, 100, 656 N. E. 2d 643, 668 (1995) ("R. C. § 2903.01(D) does not apply in this case because the trial court never instructed that the jury could infer purpose to kill from the commission of an underlying felony in a manner 'likely to produce death'"). Here, however, intent to kill was proved directly. It was not inferred from the dangerousness of the arson; it was shown to be the *purpose* of the arson.

The Sixth Circuit also argued that dicta in a case decided by an intermediate Ohio appellate court, prior to the Ohio Supreme Court's opinion here, rejected transferred intent for respondent's crime, and thus rendered its application in respondent's case unforeseeable and retroactive. 395 F. 3d, at 675–676 (citing *State* v. *Mullins*, 76 Ohio App. 3d 633, 602 N. E. 2d 769 (1992)). But that case was decided long after the 1986 offense for which respondent was convicted, and thus has no bearing on whether the law at the time of the charged *conduct* was clear enough to provide fair notice. *Lanier, supra;* see also *Marks* v. *United States*, 430 U. S. 188, 196 (1977).

Because the Sixth Circuit disregarded the Ohio Supreme Court's authoritative interpretation of Ohio law, its ruling on sufficiency of the evidence was erroneous.

## II

The Sixth Circuit also held that respondent was entitled to relief on the ground that the state courts' denial of his *Strickland* claim was unreasonable. 395 F. 3d, at 688. As petitioner contends, the Sixth Circuit erred in its adjudication of this claim by relying on evidence that was not properly presented to the state habeas courts without first determining (1) whether respondent was at fault for failing to develop the factual bases for his claims in state court, see *Williams* v. *Taylor*, 529 U. S. 420, 430–432 (2000), or (2) whether respondent satisfied the criteria established by 28 U. S. C. § 2254(e)(2). See *Holland* v. *Jackson*, 542 U. S. 649, 653 (2004) *(per curiam)*. Similarly, the Sixth Circuit erred by disregarding the state habeas courts' conclusion that the forensic expert whom respondent's trial counsel hired was a "properly qualified expert," App. to Pet. for Cert. 347a, without analyzing whether the state court's factual finding had been rebutted by clear and convincing evidence. See 28 U. S. C. § 2254(e)(1). Compare App. to Pet. for Cert. 347a with 395 F. 3d, at 683. In addition, as petitioner contends, the Sixth Circuit erred in relying on certain grounds that were apparent from the trial record but not raised on direct appeal—namely, that trial counsel (1) inadequately cross-examined experts called by the State, (2) erred by prematurely placing the forensic expert counsel had hired on the witness list, and (3) failed to present competing scientific evidence against the State's forensic experts—without first determining whether respondent's procedural default of these subclaims could be excused by a showing of cause and prejudice or by the need to avoid a miscarriage of justice. See App. to Pet. for Cert. 340a–341a, 351a–354a (state courts' holding that these subclaims should have been raised on direct appeal); *id.*, at 109a–110a (District Court's holding that this default was not excusable under *Coleman* v. *Thompson*, 501 U. S. 722, 749–750 (1991)). Respondent, however, contends that the State failed to preserve its objection to the

Sixth Circuit's reliance on evidence not presented in state court by failing to raise this argument properly before the Sixth Circuit. See Brief in Opposition 24–26. Because the relevant errors had not yet occurred, the Sixth Circuit has had no opportunity to address the argument that the State failed to preserve its *Holland* argument. It is better situated to address this argument in the first instance.

* * *

For the foregoing reasons, the judgment of the Sixth Circuit is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*