* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

*Carrington v. United States,* 503 F.3d 888, 889–90, 892–93 (9th Cir.2007); *Nardi,* 354 F.3d at 1141; *Walter v. United States,* 969 F.2d 814, 817 (9th Cir.1992).

AFFIRMED

**April Lynne GRAYSON, Petitioner–Appellant,**

v.

**Gwendolyn MITCHELL, Warden, Respondent–Appellee.**

**No. 06–16035.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2007.*

Filed Nov. 13, 2007.

R.App. P. 34(a)(2).

April Lynne Grayson, Chowchilla, CA, pro se.

Krista Joy Hart, Sacramento, CA, for Petitioner–Appellant.

Justain P. Riley, Peter H. Smith, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: WALLACE, KLEINFELD, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Petitioner April Grayson appeals the denial of her petition for a writ of habeas corpus.

■ Sufficient evidence supports Grayson's conviction for bringing explosives into the jail, as we are bound by the California Court of Appeal's conclusion that bullets are explosives. *See Bradshaw v. Richey,* 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005).

■ Sufficient evidence supports Grayson's conviction for procuring the victim for purposes of prostitution. Viewed in the light most favorable to the prosecution, Officer William's testimony is sufficient to support the conviction. *See United States v. Shea,* 493 F.3d 1110, 1114 (9th Cir.2007). Grayson's acquittal on the kidnapping charge did not undermine the procuring conviction. *See United States v. Powell,* 469 U.S. 57, 67, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984).

No clearly established Supreme Court precedent requires the giving of a more specific unanimity instruction than that provided by the trial court. *See Schad v. Arizona,* 501 U.S. 624, 645, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991).

■ Finally, the California Court of Appeal's determination that Grayson failed to request a *Marsden* hearing was not an unreasonable determination of the facts. Additionally, the California Court of Appeal's determination that no hearing was

**34**

required under California law binds us. *See Bradshaw,* 546 U.S. at 76, 126 S.Ct. 602.

**AFFIRMED.**

