NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FILED

FOR THE NINTH CIRCUIT

DEC 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE DAVID ROMERO,<br><br>    Petitioner - Appellant,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION; JAMES E. TILTON;<br>DERRAL G. ADAMS,<br><br>    Respondents - Appellees. | No. 09-16776<br><br>D.C. No. 1:06-cv-01866-JLS-JMA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted November 29, 2010
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

Jose David Romero ("Romero") appeals the district court's denial of his 28

U.S.C. § 2254 petition for a writ of habeas corpus challenging his California state

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

court conviction for first degree felony murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Romero first claims that the trial court's dismissal of the robbery count at the close of evidence violated his due process right to a fair trial because it "gutted" his defense that his lack of knowledge of the victim's presence made him guilty of theft and not felony murder. Romero does not cite, nor have we identified, any United States Supreme Court authority clearly establishing a constitutional right to the retention of a particular charge and corresponding jury instruction on a lesser offense in a non-capital case. *Cf. Beck v. Alabama*, 447 U.S. 625, 627 (1980) (holding that the death penalty may not be imposed when the jury was not permitted to consider a verdict of guilt of a lesser included non-capital offense). Further, the jury was instructed on the elements of felony murder, as well as the underlying felonies of robbery, kidnapping, and carjacking, including the requirement of specific intent, and therefore had to find that Romero knew of the victim's presence to convict him of murder. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (noting the assumption of the law that jurors follow their instructions). The absence of the robbery charge did not deprive him of the opportunity to present his defense of lack of knowledge. Nor did the absence of the robbery charge render the trial fundamentally unfair. *See Crane v. Kentucky*,

2

476 U.S. 683, 690 (1986) ("[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984))). The rejection of Romero's claim by the California Court of Appeal was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d).

Next, Romero argues that his trial counsel was ineffective, in several different respects, in violation of his Sixth Amendment rights. The California Court of Appeal stated the proper standard under *Strickland v. Washington*, 466 U.S. 668 (1984), and rejected Romero's claims of ineffective assistance of counsel, holding that trial counsel had plausible tactical reasons for his decisions. Counsel's lack of objection to alleged misconduct by the prosecutor[1] in characterizing the timeline of events was not unreasonable; counsel may have had a strategy to accept the prosecutor's reconstruction of the timeline, to focus the jury on Romero's central contention, for which the timeline was irrelevant. Similarly, counsel was not ineffective merely because counsel did not object to hearsay

---

[1] Romero concedes that he has waived any claim based on prosecutorial misconduct. To the extent Romero asks the court nevertheless to review the claim under an exception to procedural default, *see Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991), no exception is warranted.

statements introduced during Deputy Toscana's testimony. Trial counsel reasonably may have concluded that the testimony was favorable to the defense case because it reinforced Romero's version of events and showed that Romero consistently denied involvement in the shooting.

Counsel was not ineffective in opting not to request additional jury instructions to support the defense theory. The California Court of Appeal's conclusion that the instructions were adequate as a matter of state law binds us. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."). Because the instructions were proper under state law, and included sufficient reference to the requirement of specific intent to permit a successful defense on Romero's theory, there was no constitutional ineffective assistance of counsel when counsel declined to seek additional instructions.

Finally, Romero contends that the trial court's failure *sua sponte* to instruct the jury on certain matters violated his right to a fair trial. The lack of additional instructions on knowledge, specific intent, and theft did not so infect the outcome of the trial that the resulting conviction violates due process. *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *see also Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991). The instructions on felony murder, robbery, kidnapping, and carjacking—all

4

proper under state law—permitted the jury to acquit Romero based on the defense theory of lack of knowledge. Romero has not met the "heavy" burden to show that the omission of instructions was so prejudicial as to violate due process. *See Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

**AFFIRMED**.