**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSE BONILLA, | No. 07-55626 |
| Petitioner - Appellant, | D.C. No. CV-06-07405-R |
| v. | |
| D. G. ADAMS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Resubmitted March 10, 2011[**]
Pasadena, California

Before: FRIEDMAN,[****] D.W. NELSON and REINHARDT, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]     The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

Bonilla appeals the District Court's denial of his petition for habeas corpus. He was convicted of armed robbery and possession of a firearm by a felon. He contends that there was insufficient evidence to support the gang enhancements to his sentence pursuant to Cal. Penal Code § 186.22(b). *See Jackson v. Virginia*, 443 U.S. 307, 316, 319 (1979).

A gang enhancement under Cal. Penal Code § 186.22(b) requires the prosecution to prove two separate and distinct elements beyond a reasonable doubt: first, that the defendant committed a felony "for the benefit of, at the direction of, or in association with [a] criminal street gang"; and second, that the defendant committed the crime "with the specific intent to promote, further, or assist" in criminal conduct by gang members. Cal. Penal Code § 186.22(b)(1). Bonilla contends that the evidence that the prosecution presented – testimony that he committed a robbery with two other gang members and expert testimony that explained in hypothetical terms how such offenses could be useful to the gang as a whole – was insufficient to establish the second element.

The outcome is governed by *People v. Albillar*, 51 Cal. 4th 47 (2010), decided after we heard oral argument. In *Albillar*, the California Supreme Court expressly rejected *Briceno v. Scribner*, 555 F.3d 1069 (9th Cir. 2009), in which this court had held that evidence that a gang member's commission of armed

2

robberies with another gang member, combined with testimony from a gang expert explaining in hypothetical terms how those acts could advantage the gang, *see id.* at 1073-74, while useful for determining the first element of the gang enhancement statute,"sa[id] nothing about [the defendant's] specific intent in committing the robberies." *Id.* at 1079 (emphasis omitted). The *Albillar* court specifically rejected our conclusion that expert testimony "deal[ing] almost exclusively with hypotheticals [does] not provide any direct or circumstantial evidence of [the defendant's] own intent." *Id.* at 1078-79; *see also Albillar*, 51 Cal. 4th at 68 (holding that "if substantial evidence establishes that the defendant intended to and did commit the charged felony with known members of a gang, the jury may fairly infer that the defendant had the specific intent to promote, further, or assist criminal conduct by those gang members").

*Albillar* is binding on this court in federal habeas cases: "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). We are required to follow intervening decisions of the California Supreme Court that interpret state law in a way that contradicts our earlier interpretation of that law. *Rotec Industries, Inc. v. Mitsubishi Corp.*, 348 F.3d 1116, 1122 n.3 (9th Cir. 2003). The *Albillar* court's determination that the evidence in that case satisfied the specific intent element of a

3

gang enhancement finding compels us to conclude that the district court did not err in determining that Bonilla was not entitled to relief on the ground of insufficiency of the evidence.

Bonilla's second contention – that his trial counsel rendered ineffective assistance by failing to object to expert testimony concerning the gang enhancement allegation – also fails. Bonilla does not show that the evidence that he contends counsel should have objected to was inadmissible. *See Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the denial of the writ is affirmed.

**AFFIRMED.**