COOK, Circuit Judge,
dissenting.
I agree with the majority’s statement of the facts and legal rules, as well as with its assessment that Walker’s trial counsel performed deficiently. But because I differ in my resolution of the prejudice issue, I respectfully dissent.
As the majority notes, Strickland’s prejudice test requires Walker to show that his trial’s outcome “would reasonably likely have been different absent [his counsel’s] errors.” See Strickland v. Washington, 466 U.S. 668, 696, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). On direct appeal, the reviewing court must “evaluate the totality of the available mitigation evidence — both that adduced at trial, and the evidence adduced in the [post-conviction] proceeding — in reweighing it against the evidence in aggravation.” Williams v. Taylor, 529 U.S. 362, 397-98, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). “The likelihood of a different result must be substantial, not just conceivable,” Harrington v. Richter, — U.S. -, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011), and “sufficient to undermine confidence in the outcome,” Strickland, 466 U.S. at 694, 104 S.Ct. 2052. “Surmounting Strickland’s high bar is never an easy task.” Padilla v. Kentucky, - U.S. -, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010).
In the habeas context, Walker’s duty becomes all the more exigent. Under § 2254(d)(1), we, the federal courts, owe the state court additional “deference and latitude” not required during direct appeal, Harrington, 131 S.Ct. at 785, and thus constrict our review to whether the state court’s application of Supreme Court precedent was “unreasonable,” see 28 U.S.C. § 2254(d)(1). “[A]n unreasonable application of federal law is different from an incorrect application of federal law.” Williams, 529 U.S. at 410, 120 S.Ct. 1495. “[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.” Id. at 411, 120 S.Ct. 1495. “[E]ven a strong case for relief does not mean the state court’s contrary conclusion was unreasonable.” Harrington, 131 S.Ct. *323 at 786. Indeed, § 2254(d), as amended by AEDPA, stops short of “a complete bar” on relitigation of state proceedings in the federal courts, permitting us to grant habeas only when “there is no possibility fairminded jurists could disagree that the state court’s decision conflicts with [the Supreme] Court’s precedents.” Id.
My concerns with the majority opinion are three-fold. As an initial matter, the majority states that the Michigan Court of Appeals “unreasonably determined facts in light of the evidence.” Although, after parsing the opinion, I am unable to resolve with which factual determinations my colleagues take issue, I believe that, in this instance, such an assessment oversteps our authority. Under 28 U.S.C. § 2254(e)(1), we, the reviewing habeas court, must presume the correctness of the state court’s factual determinations; the petitioner bears “the burden of rebutting the presumption of correctness by clear and convincing evidence.” See, e.g., Carter v. Bradshaw, 644 F.3d 329, 340-41 (6th Cir.2011) (applying § 2254(e)(l)’s presumption of correctness to state court’s factual competency determination). Walker does not argue on appeal that the state court made unreasonable factual determinations. I thus conclude that we may not attack the Michigan court’s factual findings sua sponte, and must instead limit our analysis to its application of Supreme Court precedent.
Second, the majority appears to fault the state appellate court for misconstruing law other than “clearly established Federal law, as determined by the Supreme Court of the United States.” See 28 U.S.C. § 2254(d)(1). For example, the majority questions the state court’s interpretation and application of Michigan’s insanity statute. This issue exceeds the scope of our review: the Supreme Court “ha[s] repeatedly held that a state court’s interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.” Bradshaw v. Richey, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005). Similarly, relying on our circuit’s precedent, the majority claims that the court erred in failing to recognize that Walker need only show “that he had a substantial defense” to demonstrate prejudice. Yet Sixth Circuit case law, standing alone, is not “clearly established Federal law,” and as such, is not the proper means by which to measure the state appellate court’s interpretation of Strickland. See Knowles v. Mirzayance, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009) (“[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.” (internal quotation marks and citations omitted)).
I recognize that the Supreme Court’s Strickland guidelines provide us only minimal direction. But in a habeas case, such generality necessarily works to the petitioner’s disadvantage. See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) (“[Evaluating whether a rule application was unreasonable requires considering the rule’s specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.”); accord Knowles, 129 S.Ct. at 1420 (“And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.”).
And, as a final issue, in my estimation, the majority overstates the extent to which the Michigan Court of Appeals erred in applying Strickland. According to the majority, the state court “clearly interpreted [Strickland ] to require that Walker *324 prove that presenting an insanity defense would have led to his acquittal.” I do not find the court’s transgression so obvious, seeing as nothing in the record indicates exactly what evidence the state court would have deemed adequate under Strickland. Though the panel — myself included — might have decided the case differently on direct appeal, this is not the appropriate inquiry. See Williams, 529 U.S. at 411, 120 S.Ct. 1495; see also Harris v. Haeberlin, 526 F.3d 903, 910 (6th Cir.2008) (“[I]n applying the ‘unreasonable application’ clause, a reviewing court must be careful not to substitute its own judgment for that of the state court by equating the more stringent standard of ‘objectively unreasonable’ with the more lax standard of ‘clear error.’ ”). The majority also cites Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), for the proposition that juries should generally remain the primary factfinders on the issue of insanity. By the same token, Ake also warns that “[pjsychiatry is not ... an exact science.” Id. at 81, 105 S.Ct. 1087. Recognizing the inherent uncertainty of psychiatric evaluations, I am all the more hesitant to reject the state court’s weighing of such testimony.
Before granting habeas, we must determine that no “fairminded jurists could disagree” on the incorrectness of the state court’s decision. See Yarborough, 541 U.S. at 664, 124 S.Ct. 2140. I, for one, lack such certitude. In this instance, the state appellate court reviewed Walker’s new-found mitigating evidence (Dr. Miller’s testimony) and weighed this against the aggravating evidence (Dr. Winters’s contrary testimony, as well as the physical and circumstantial evidence). It concluded that, because the totality of the evidence still suggested that Walker had consciousness of guilt, the insanity defense would not likely have succeeded. This approach appears to comply with the Supreme Court’s instructions. See Williams, 529 U.S. at 397-98, 120 S.Ct. 1495.
In his brief, Walker cites several cases from our sister circuits in which panels have held that counsel’s failure to pursue an insanity defense resulted in prejudice, particularly in light of a defendant’s history of mental illness. Yet certainly there are cases that turn out the other way. In particular, I highlight an Eleventh Circuit case, Bottoson v. Moore, 234 F.3d 526 (11th Cir.2000), which I find quite similar to the instant scenario. The Bottoson defendant, a once-suicidal schizophrenic, brought an ineffective-assistance claim for his counsel’s failure to pursue an insanity defense at the penalty stage of his capital trial. During the post-conviction hearing, the defendant introduced evidence of prior mental illness, as well as expert testimony from a psychiatrist who opined that the defendant was legally insane at the time of the offense; the state presented contrary expert testimony. The Florida Supreme Court found that, despite this exculpatory expert testimony, the error was non-prejudicial in light of the state expert’s conflicting testimony and the rest of the circumstantial evidence. On collateral appeal, both the district and circuit courts agreed. Although Bottoson is by no means dispositive in this case, I view it similar enough to suggest that there is room to debate whether the Michigan Court of Appeals correctly decided Walker’s case, thus placing the majority’s position in doubt.
In light of the foregoing, I maintain that reasonable jurists could disagree as to the correctness of the state appellate court’s decision. I therefore would affirm the district court.