**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CLARENCE ROBERTS,<br><br>         Petitioner - Appellant,<br><br>v.<br><br>MIKE MCDONALD,<br><br>         Respondent - Appellee. | No. 12-55886<br><br>D.C. No. 5:10-cv-01360-AHM-SP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted August 6, 2013[**]
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Clarence Roberts appeals the district court's denial of his petition for a writ

of habeas corpus, arguing that he had a constitutional right to be present at his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

resentencing hearing and that his counsel provided ineffective assistance. We have jurisdiction under 28 U.S.C. § 2253 and 28 U.S.C. § 1291, and we affirm.[1]

**1.** Under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, the California courts reasonably concluded that Roberts did not have a constitutional right to be present at his resentencing hearing. A defendant has the right to be present "at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure," *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987), but not where the "benefit" of his presence would be "but a shadow," *Snyder v. Massachusetts*, 291 U.S. 97, 106–07 (1934). The California Court of Appeal concluded that, under state law, Roberts had no right to renew, and the trial court had no discretion to consider, a second motion requesting that the court strike a prior conviction for purposes of sentencing (known as a "*Romero*" motion). *See People v. Roberts*, 2008 WL 4918216, at *3–4 (Cal. Ct. App. Nov. 18, 2008). This court is bound by those conclusions. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Even if the trial court may have retained extremely limited discretion to dismiss his prior strikes sua sponte, it would not have done so because Roberts was

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

clearly not a defendant who was outside the spirit of the Three Strikes Law. *People v. Williams*, 17 Cal. 4th 148, 161 (1998); Cal. Penal Code §§ 667(b)–(i), 1170.12(a)–(d). Accordingly, the trial court could only impose a mandatory sentence and any benefit from Robert's presence at his resentencing hearing would have been "but a shadow."

Even if Roberts had a right to be present at his resentencing hearing, his absence was harmless because he failed to show that the sentencing court likely would have granted a second *Romero* motion. Specifically, Roberts does not present any information materially different from what the sentencing judge originally considered in rejecting Roberts's first *Romero* motion.

**2.** Roberts is not entitled to habeas relief for his ineffective assistance of counsel claim because the California courts reasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984). Under the Court of Appeal's interpretation of state law, counsel's performance was not deficient because any effort to pursue additional *Romero*-related arguments would have been fruitless. Roberts cannot show that counsel's performance prejudiced him because he failed to show that the sentencing court likely would have granted a second *Romero* motion.

**AFFIRMED.**

3