NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0872n.06

No. 13-3038

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 07, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| FOREST RUPP, | ) | |
| | ) | |
|     Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| BARRY GOODRICH, | ) | DISTRICT OF OHIO |
| | ) | |
|     Respondent-Appellee. | ) | |
| | ) | |

BEFORE: BOGGS, CLAY, and GILMAN, Circuit Judges.

PER CURIAM. Forest Rupp appeals the district court's judgment denying his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254.

A jury found Rupp guilty of forcible rape, and the trial court sentenced him to ten years in prison. The Ohio Court of Appeals affirmed the trial court's judgment, *State v. Rupp*, No. 05-MA-166, 2007 WL 969069 (Ohio Ct. App. Mar. 27, 2007), and the Ohio Supreme Court declined to review the case, *State v. Rupp*, 872 N.E.2d 953 (Ohio 2007) (table). The Ohio courts denied Rupp's subsequent petition for post-conviction relief. *State v. Rupp*, 935 N.E.2d 46 (Ohio 2010) (table); *State v. Rupp*, No. 09-MA-149, 2010 WL 2249929 (Ohio Ct. App. June 4, 2010).

Rupp filed a § 2254 petition, raising three grounds for relief: (1) the trial court improperly instructed the jury concerning the element of force, allowing the jury to convict Rupp on insufficient evidence; (2) the jury instruction on the element of force was improper; and (3) the prosecutor

committed misconduct. The district court denied the petition on the merits and issued a certificate of appealability only for the sufficiency-of-the-evidence and jury-instruction claims.

On appeal, Rupp argues that the district court erred by denying his habeas petition. We review de novo a district court's denial of a § 2254 petition. *Tolliver v. Sheets*, 594 F.3d 900, 915 (6th Cir. 2010).

> [A] federal court shall not grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim either:
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* at 915 16 (quoting 28 U.S.C. § 2254(d)).

Rupp first argues that there was insufficient evidence to support his conviction. When reviewing sufficiency-of-the-evidence claims, a court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under Ohio law, a forcible rape occurs where an individual purposely compels another person to submit to sexual conduct by force or threat of force. Ohio Rev. Code § 2907.02(A)(2). "A threat of force can be inferred from the circumstances surrounding sexual conduct . . . ." *State v. Schaim*, 600 N.E.2d 661, 665 (Ohio 1992). The state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law. Given the victim's

testimony that Rupp told her of his violent criminal history before engaging in oral and vaginal sex with her in spite of her requests for him to stop and her physical attempts to stop him, a rational juror could have found Rupp guilty of forcible rape.

Rupp also argues that the trial court improperly lowered the prosecution's burden of proof by instructing the jury that it could infer the element of force if Rupp overcame the victim's will by fear or duress. To warrant habeas relief, jury instructions must have been so infirm that they rendered the entire trial fundamentally unfair. *Doan v. Carter*, 548 F.3d 449, 455 (6th Cir. 2008). In Rupp's direct appeal, the Ohio Court of Appeals concluded that the challenged jury instruction was proper under Ohio law. We are bound by that decision unless the Ohio Supreme Court would reach a different conclusion, *see Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Olsen v. McFaul*, 843 F.2d 918, 929 (6th Cir. 1988), and, despite Rupp's argument to the contrary, we are not convinced that the discussion in *Schaim*, regarding force, demonstrates that the Ohio Supreme Court would find the challenged jury instruction to be improper, especially in light of the fact that the Ohio Supreme Court refused to review this very case. Because the instruction was proper under state law and did not otherwise render Rupp's trial fundamentally unfair, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law.

Accordingly, we affirm the district court's judgment.