# United States Court of Appeals
## For the First Circuit

No. 12-2515

DAVID COLLINS,

Petitioner, Appellant,

v.

GARY RODEN,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor IV, U.S. District Judge]

Before

Lynch, Chief Judge,
Thompson and Kayatta, Circuit Judges.

Lori H. Levinson, with whom The Law Office of Lori H.
Levinson, PC, was on brief, for appellant.
Argie K. Shapiro, Assistant Attorney General, with whom
Martha Coakley, Attorney General, was on brief, for appellee.

April 18, 2014

**KAYATTA, Circuit Judge.** David Collins was tried and convicted in Massachusetts state court on charges of forcibly raping his nephew J.B. and J.B.'s friend, C.V.B. Collins unsuccessfully sought to overturn that conviction in state court, arguing that his attorney provided ineffective assistance by failing to seek the admission of evidence that Collins's sister had accused J.B. himself of sexually assaulting three of Collins's nieces. Having exhausted his direct appeals, Collins filed a habeas corpus petition in federal court. The district court rejected Collins's claim. For the following reasons, we affirm.

## I. Background

J.B., and J.B.'s friend, C.V.B., testified at trial that Collins engaged in forcible oral sex with each of them on different occasions in 1993, when both boys were fifteen years old.[1] At the time, Collins was dating J.B.'s mother, Pam. Several years later, after their relationship had acrimoniously deteriorated, Collins made statements to Pam expressing regret for "hurting" J.B., and she thereafter reported Collins to the police in 1998. The resulting investigation led to Collins's conviction in 2002 in Massachusetts court on two counts of forcible rape of a child under the age of sixteen. See Mass. Gen. Laws ch. 265, § 22A.

---

[1] Unless otherwise noted, all facts in this opinion are uncontested by the parties.

Collins first appealed his conviction on three grounds not relevant to this petition. See Commonwealth v. Collins, 60 Mass. App. Ct. 1111 (2004). When that effort failed, he filed a motion for a new trial, arguing, among other things, that his trial counsel was ineffective. That challenge concerned his trial counsel's failure to present evidence available to Collins that shortly before Pam reported Collins to the police, Collins's sister told Pam that Pam's son, J.B., had sexually abused several of Collins's nieces, and that one of those nieces was considering reporting J.B. to the authorities.

Collins's trial counsel did make a halting oral attempt to begin the process of moving to admit the evidence. But after the government argued that it was inadmissible under the Massachusetts rape shield statute, the trial court said "I don't think there's a proffer. There's not going to be any evidence of sexual conduct by any of the alleged victims." Apparently persuaded or otherwise deterred, Collins's trial counsel made no further effort to admit the evidence. Specifically, he did not make a written proffer in support of the evidence he sought to have admitted, a necessary precondition to a motion for admission of evidence covered by the Massachusetts rape shield law, Mass. Gen. Laws ch. 233, § 21B.

It is that cumulative mix of tentative and abandoned effort that Collins claims deprived him of his constitutional right

to effective counsel. Collins argues that his lawyer should have pressed more properly and effectively for the admission of that evidence, notwithstanding the challenge posed by the rape shield statute. The statute provides that "[e]vidence of specific instances of a victim's sexual conduct" is not admissible in a prosecution for forcible rape of a child unless "after an in camera hearing on a written motion for admission of same and an offer of proof . . . the court finds that the weight and relevancy of said evidence is sufficient to outweigh its prejudicial effect to the victim." Id.

Collins has consistently asserted in his post-trial proceedings that the omitted evidence was sufficiently weighty to be admissible because it established bias and a motive to lie on the part of his accusers. But as to how and why this is so, Collins has been conclusory and cryptic. In his brief on this appeal, he elliptically asserts that the evidence would have given his trial counsel a basis to argue that "[Pam], J.B. and C.V.B. fabricated accusations against Collins in retaliation for [Collins's sister's] suggesting that J.B.'s prior sexual assaults should be addressed, and in order to preclude Collins's family from pursuing legal action against J.B. and not because Collins had in fact committed any such acts." In his reply brief, Collins modifies this assertion somewhat to cite as motives both retaliation and a desire "to prevent further dissemination of

information that J.B. had sexually abused Collins [sic] three nieces."

In denying a post-trial motion alleging ineffective assistance of counsel, the same state trial court judge who had presided over Collins's trial, and who would have ruled on any evidentiary issues had counsel pressed for admission of the evidence, rejected Collins's ineffective assistance of counsel argument because "[e]vidence of J.B.'s past sexual conduct would likely have been inadmissible because it did not show bias or motive to lie." The Massachusetts Appeals Court affirmed, finding the evidence's admissibility was "dubious at best" and that, even had it been admitted, it was "simply too attenuated to have usefully shown a motive to lie" on the part of J.B., his mother, or J.B.'s friend, C.V.B. See Commonwealth v. Collins, 71 Mass. App. Ct. 1113 (2008) (unpublished). The Massachusetts Supreme Judicial Court denied Collins's application for further appellate review in a one line order. Commonwealth v. Collins, 451 Mass. 1108 (2008).

Collins then filed a petition for habeas corpus in federal district court, arguing, inter alia, that he received ineffective assistance from his counsel in his state court trial.[2] See Collins v. Roden, Civil Action No. 08-40217-FDS, 2012 WL

_____

[2] Collins has completed his term of imprisonment on these convictions but remains on probation. Cf. Jackson v. Coalter, 337 F.3d 74, 79 (1st Cir. 2003) (holding that a prisoner is "in custody," and therefore eligible for habeas relief, when on probation).

5866257, *2 (D. Mass. Nov. 16, 2012). The district court denied Collins's habeas petition, including his request for an evidentiary hearing. Id. at *3-8. The district court nonetheless cautiously concluded that a reasonable jurist could disagree with its ruling on Collins's ineffective assistance claim and therefore granted a certificate of appealability on that issue. See 28 U.S.C. § 2253. This appeal followed.

## II.  Standard of Review

We review a district court's denial of habeas relief de novo. See, e.g., Shuman v. Spencer, 636 F.3d 24, 30 (1st Cir. 2011). Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 121 ("AEDPA"), and because Collins's claim was "adjudicated on the merits in State court proceedings," he may receive habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Collins argues that, in denying him relief, the Massachusetts Appeals Court unreasonably applied Strickland v. Washington, 466 U.S. 668 (1984), which governs ineffective assistance claims under the Sixth Amendment. Under AEDPA's "highly

-6-

deferential" standard of review, to prevail on this theory Collins would have to show that the Appeals Court could not have reasonably concluded that he failed to prove he was entitled to relief under Strickland's own "highly deferential" standard. See Harrington v. Richter, 131 S. Ct. 770, 789 (2011).

### III.  Analysis

To be entitled to relief under Strickland a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Additionally, even if the performance of Collins's trial counsel was seriously deficient, Collins would also need to show that, had his counsel properly proffered the omitted evidence, it is "reasonably likely" that the result of the criminal proceeding would have been different. Strickland, 466 U.S. at 696. "Reasonably likely," in this context, means that "[t]he likelihood of a different result must be substantial, not just conceivable." Harrington, 131 S. Ct. at 792.  While Strickland's "reasonably likely" standard is not quite a "more-probable-than-not standard," the difference "is slight and matters only in the rarest case." Id. (citations omitted).

Collins's effort to make these difficult showings encounters at the outset the observations of the Appeals Court that the admissibility of the omitted evidence under Massachusetts's rape shield law was "a dubious proposition at best." Collins, 71

Mass. App. Ct. at 1113. We have no charter to question that statement. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus" even if that interpretation is given in dicta in the state court opinion.). With admissibility dubious at best, it can hardly be unreasonable to conclude that admission would not have been reasonably likely had the evidence been offered. And if the evidence would likely not have been admitted, it was not unreasonable for the Appeals Court to conclude that the failure to proffer it in the face of opposition by the prosecution and a skeptical trial judge did not have a "substantial" likelihood of affecting the trial.

Adding belt to suspenders, we also think the Appeals Court was hardly unreasonable in regarding the probative force of the evidence (and thus its likely impact on the jury's evaluation of the record) as underwhelming. Collins's claim that the omitted evidence would have established a reason for Pam, J.B., and C.V.B. to "retaliate" against him by fabricating false charges of sexual abuse is twice diminished in its probative weight. First, the acrimonious relationship between Pam and Collins, as revealed to the jury, already made it clear that Pam had reason to desire to cause Collins harm. Second, according to Collins, J.B.'s alleged abuse of the three nieces had long been a subject of discussion

among the families, and had also prompted a prior report to authorities. This history reduces to a minor talking point the probative force of any chronological nexus between the accusations against J.B. and the lodging of a complaint against Collins.

Collins's second theory about why the evidence shows bias (that Pam wanted to use a charge against Collins to deter the Collins family from making or further disseminating charges against J.B.) is similarly implausible. The deterrent force of such a charge would have resided in its threat, not its use. If deterring further dissemination of charges against J.B. were Pam's true motivation, then actually calling the police (as she did) would have been counterproductive. Indeed, as Collins observes in his reply brief, "the fact that Pam had made allegations against Collins . . . spurred Collins' family to report J.B.'s sexual abuse to the police."

In a twist on his argument, Collins also seems to suggest that the evidence would have allowed the jury to surmise that, by first charging Collins, Pam (and her son) might have hoped to create a basis for arguing that any later charge against J.B. was itself a retaliatory fabrication by Collins's family. Pam clearly knew, though, that it would be easily demonstrated that the nieces' accusations against J.B. long pre-dated the charge being brought against Collins.

For all of these reasons, and likely more, the Massachusetts Appeals Court reasonably applied federal law in rejecting Collins's claim of ineffective assistance of counsel.

### IV.  Conclusion

We <u>affirm</u> the district court's denial of Collins's petition for habeas corpus.

<u>So ordered</u>.