MEMORANDUM ** Samuel Marquez appeals the district court’s denial of habeas corpus relief for his jury conviction for first-degree murder with a deadly weapon. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm. 1. The district court did not err in denying Marquez’s claim that the Nevada state district court’s refusal to give an insanity instruction[1] violated his due process rights. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas relief for a state court judgment may only be granted if the adjudication “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States” or “resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.” 28 U.S.C. § 2254(d); see also Harrington v. Richter, 562 U.S. 86, 100, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). Neither is present in this case. There is no federal right to present an insanity defense. Medina v. California, 505 U.S. 437, 449, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992); Clark v. Arizona, 548 U.S. 735, 752 n.20, 126 S.Ct. 2709, 165 L.Ed.2d 842 (2006). Thus, we are bound by the decisions of state courts interpreting the state law affirmative defense of insanity. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S,Ct. 475, 116 L.Ed.2d 385 (1991); Gilmore v. Taylor, 508 U.S. 333, 342, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993) (“instructions that contain errors of state law may not form the basis for federal habeas relief.”); Bradshaw v. Richey, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005). Further, the extent of the right to present a “complete defense” under federal law does not extend to “restrictions imposed on a defendant’s ability to present an affirmative defense,” but only the “exclusion of evidence” and the “testimony of defense witnesses.” Gilmore, 508 U.S. at 343-44, 113 S.Ct. 2112; see also Estelle, 502 U.S. at 71-72, 112 S.Ct. 475 (“[Tjhe fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief.”).[2] As such, there was no “unreasonable application” of clearly established federal law, nor an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The Nevada Supreme Court held that the state district court properly refused to give the insanity instruction under Nevada law, and we are bound by that determination. 2. The district court did not err in denying Marquez’s ineffective assistance of counsel claim. Under the AEDPA’s “doubly” highly deferential review for deficient performance claims, Harrington, 562 U.S. at 105, 131 S.Ct. 770, Marquez’s counsel did not perform “below an objective standard of reasonableness,” nor was counsel’s performance prejudicial to Marquez, id. at 104, 131 S.Ct. 770. “An attorney undoubtedly has a duty to consult with the client regarding important decisions, including questions of overarching defense strategy,” however such an obligation “does not require counsel to obtain the defendant’s consent to every tactical decision,” Florida v. Nixon, 543 U.S. 175, 187, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004) (internal citations and quotation marks omitted). Marquez’s argument only establishes that counsel may not have conferred with him just before the closing statement. However, Marquez and his counsel may have established an overall defense strategy at an earlier time, Counsel’s closing statement was clearly in concert with the opening statement and reflected the overall defense strategy. Moreover, when the state district court denied Marquez’s attempt to get an in-struetion on insanity, it was not objectively unreasonable, nor prejudicial, to argue for second-degree murder in light of the overwhelming evidence, including security footage and a voluntary confession, that Marquez had committed the charged crime. AFFIRMED. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3, . We decline to address Marquez’s claim, regarding a diminished capacity instruction as the Certificate of Appealability did not grant him a right to appeal that issue. 28 U.S.C. § 2253(c)(3); Ninth Rule 22-l(e). . The dissent makes three errors. First, the dissent cites Bradley v. Duncan, 315 F.3d 1091 (9th Cir. 2002), as controlling precedent. Bradley neither cites nor examines the United States Supreme Court precedent directly on point, namely Estelle, 502 U.S. at 71-72, 112 S.Ct. 475, and Gilmore, 508 U.S. at 343-44, 113 S.Ct. 2112. As required in habeas review, we must follow the Supreme Court’s precedent to resolve this case. 28 U.S.C. § 2254(d) (requiring a state court decision that was "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States” for habeas review (emphasis added)); Harrington, 562 U.S. at 100, 131 S.Ct. 770. Second, both United States v. Johnson, 459 F.3d 990 (9th Cir. 2006), and the primary case relied upon by the Bradley panel, Mathews v. United States, 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), are direct appeals from a federal district court, not habeas cases reviewing; (1) a state trial; or (2) the applicability of a state defense not recognized in federal law. Finally, Bradley used a pre-AEDPA case, Conde v. Henry, 198 F.3d 734 (9th Cir. 1999), to justify its use of Mathews, a non-habeas case. See Bradley, 315 F.3d at 1098. Thus, we must instead follow the mandatory requirements in 28 U.S.C. § 2254(d) and adhere to United States Supreme Court precedent for resolution of this case.