NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DON ARTHUR MOORE,

    Petitioner-Appellant,

 v.

RON HAYNES, Superintendent of Stafford Creek Corrections Center,

    Respondent-Appellee.

No. 22-35984

D.C. No. 2:21-cv-00217-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, Chief Judge, Presiding

Argued and Submitted September 11, 2023
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and R. NELSON, Circuit Judges.

 Petitioner-Appellant Don Moore appeals the denial of his 28 U.S.C. § 2254

petition challenging his Washington state conviction for first-degree murder. We

have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

  * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

On state post-conviction review, the Washington state courts determined that Moore's trial counsel rendered ineffective assistance by failing to investigate his history of mental illness, diagnosis of a 100% disability for combat-related PTSD, brain abnormalities, and combined effect of complex medications he was taking at the time of the homicide. The state court granted Moore's petition as to his sentence, finding that he was prejudiced at sentencing because he was unable to request a downward sentence exception due to his mental health issues, and denied the petition as to his underlying conviction.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs this petition, we may grant a claim adjudicated on the merits only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Moore contends he received ineffective assistance of counsel because evidence of his mental health could have supported a defense of diminished capacity to form the requisite intent for premeditated murder and, in the alternative, could have supported conviction of lesser-included offenses of second-degree murder or manslaughter. An ineffective assistance claim requires Moore to prove: (1) counsel's representation "fell below an objective standard of reasonableness,"

2

and (2) there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The standards created by *Strickland* and AEDPA are both highly deferential, and when applied in tandem the review is doubly deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Rendering the "last reasoned [state court] decision," the Washington Supreme Court reasonably applied clearly established law in denying Moore relief as to his conviction. *See Tamplin v. Muniz*, 894 F.3d 1076, 1086 (9th Cir. 2018). Even acknowledging trial counsel's deficient performance, it found that Moore failed to show prejudice. *See Strickland*, 466 U.S. at 700. Although some record evidence supports Moore's diminishing mental health around the time of the homicide—including his medical records demonstrating PTSD and brain disease, cumulative effects resulting from medications, and his belief he was entitled to conduct a citizen's arrest as a "sheriff"—it was reasonable for the state court to find no substantial likelihood of a different result given the strength of the evidence for premeditation. Instead, the Washington Supreme Court considered Moore's additional evidence of two expert reports and found that neither supported a defense of diminished capacity. *See State v. Gough*, 768 P.3d 1028, 1030 (Wash. App. Ct. 1989). As such, we cannot disturb the state court's determination of its own diminished capacity standard. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)

3

("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus.") (citation omitted).

Mental impairment may have affected Moore in seeking out his victim, but record evidence also contradicts Moore's theory of the actual shooting. Physical evidence shows Moore shot the victim from some distance (while the victim was seated), and later stabbed him to make it appear as though there had been a close-up struggle and that Moore manipulated the scene to support his story of a close altercation. Thus, the state court's determination was not an unreasonable application of the facts under § 2254(d) based on the strength of the evidence for premeditation.

Accordingly, we cannot say that the state court's conclusion "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

**AFFIRMED.**