NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK CHRISTOPHER CREW, | No. 24-5728 |
| Petitioner-Appellant, | D.C. No. 4:12-cv-04259-YGR |
| v. | MEMORANDUM* |
| KATHLEEN N. RATLIFF, Acting Warden, | |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted March 9, 2026
San Francisco, California

Before: H.A. THOMAS and JOHNSTONE, Circuit Judges, and LEFKOW, District Judge.**

Mark Christopher Crew appeals the district court's denial of his 28 U.S.C. § 2254 application for a writ of habeas corpus. He challenges his 1989 murder

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

conviction under California's financial gain special circumstance, Cal. Penal Code § 190.2(a)(1), which elevates his crime to a capital offense.[1] We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We affirm.

We review the denial of a habeas petition de novo and the district court's underlying findings of fact for clear error. *Hogan v. Bean*, 140 F.4th 1001, 1016 (9th Cir. 2025). Under § 2254(d), federal courts may grant habeas relief only where the underlying state court "decision [] was (1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *see also Ochoa v. Davis*, 16 F.4th 1314, 1325 (9th Cir. 2021). "We apply this highly deferential standard [of review] to the last reasoned state court decision on the merits." *Bejarano v. Reubart*, 136 F.4th 873, 886 (9th Cir. 2025). Here, the last reasoned state court decision on the merits is *People v. Crew*, 74 P.3d 820 (Cal. 2003), which affirmed Crew's conviction under the special circumstance.

1. The California Supreme Court did not unreasonably apply clearly established federal law. Crew argues that the Court violated his due process rights as set forth in *Bouie v. City of Columbia*, 378 U.S. 347 (1964), when it

---

[1] In 2024, Crew was resentenced to life in prison without the possibility of parole.

retroactively applied *People v. Howard*, 749 P.2d 279 (Cal. 1988), and denied his claim that he was entitled to the limiting construction set forth in *People v. Bigelow*, 691 P.2d 994 (Cal. 1984).[2]

*Bouie* held that the fair-notice requirement of due process is violated when a defendant is convicted based on the retroactive application of an unforeseeable judicial expansion of statutory language that is "indefensible by reference to the law which had been expressed prior to the conduct in issue." 378 U.S. at 354 (citation modified). The law expressed prior to Crew's offense in 1982 was the plain language of the financial gain special circumstance. *See* Cal. Penal Code § 190.2(a)(1) (1978) ("The murder was intentional and carried out for financial gain."). The California Supreme Court construed that language in 1988, holding that "the relevant inquiry is whether the defendant committed the murder in the expectation that he would thereby obtain the desired financial gain." *Howard*, 749 P.2d at 298. *Howard* distinguished *Bigelow* on the basis that, unlike the defendant in *Bigelow*, the defendant in *Howard* was not accused of more than one special

---

[2] The California Supreme Court sought "to minimize those cases in which multiple circumstances will apply to the same conduct" and issued the following limiting construction for the financial gain special circumstance: "[T]he financial gain special circumstance applies only when the victim's death is the consideration for, or an essential prerequisite to the financial gain sought by the defendant." *Bigelow*, 691 P.2d at 1006.

circumstance. *See id.*[3] *Howard* did not expand, but rather squarely addressed, the plain language of the financial gain special circumstance, language that, as *Howard* explains, needs no "further refinement" when it is the sole special circumstance alleged. *Id.* This situation is not analogous to *Bouie*, where the state supreme court unexpectedly expanded "narrow and precise statutory language" that, as written, did not reach the defendants' conduct. 378 U.S. at 352. In short, *Howard* did not depart from the statute in a manner that denied Crew fair notice, so *Bouie* retroactivity concerns do not exist here.

Nor was *Bouie* implicated because, as Crew argues, the interpretation of the statute in *Bigelow* was foreseeable at the time of his offense due to the statute's vagueness. Even if we assume that *Bigelow* was foreseeable, nothing in *Bouie* states that a later-issued foreseeable judicial limitation, *e.g.*, *Bigelow*, must be applied retroactively. *See Bouie*, 378 U.S. at 352; *see also Bradshaw v. Richey*, 546 U.S. 74, 78 (2005) (explaining that a case decided after an offense "has no bearing on whether the law at the time of the charged *conduct* was clear enough to provide fair notice"). And we have previously held that the financial gain special circumstance is not unconstitutionally vague on its face. *See Noguera v. Davis*, 5

---

[3] "*Bigelow*'s final articulation of the scope of the provision must be viewed in terms of the problem it sought to correct[,]" namely, the need to prevent juries from finding true, due to unavoidable overlap, multiple special circumstances based on the same conduct. *Howard*, 749 P.2d at 298.

F.4th 1020, 1052–54 (9th Cir. 2021).

2. The California Supreme Court did not unreasonably apply federal law or make an unreasonable determination of the facts with respect to the special circumstance. Under *Jackson v. Virginia*, we review the record evidence for whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979). The evidence showed that the same month Crew married Nancy Andrade and professed plans to move with her, he also proposed to another woman, which is circumstantial evidence that he did not intend to stay with Andrade. Crew encouraged Andrade to cash out her bank accounts, telling her that he knew how to avoid paying capital gains taxes on those funds. Later, he had Andrade's cash converted into a cashier's check and opened a joint account under his and Andrade's name into which he deposited Andrade's money. He also sold her vehicles and other personal items. Based on this evidence, a reasonable jury could conclude that Crew murdered Andrade with the expectation of financial gain. *Cf. Howard*, 749 P.2d at 298.

**AFFIRMED.**