[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14759
_____

D.C. Docket No. 1:08-cv-02089-SLB-RRA

PHILLIP FONDREN,

Petitioner-Appellee,

versus

COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF ALABAMA,

Respondents-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 4, 2014)

Before HULL and BLACK, Circuit Judges, and WALTER,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Donald E. Walter, United States District Judge for the Western District of
Louisiana, sitting by designation.

On federal habeas review, the district court vacated petitioner Phillip

Fondren's ("Fondren") capital murder conviction and life without parole sentence

and ordered the state courts to retry him. The district court granted Fondren habeas

relief under 28 U.S.C. § 2254 because the court found that his counsel provided

ineffective assistance by failing to request a negative heat of passion jury

instruction, *i.e.*, an instruction that the state had the burden to prove beyond a

reasonable doubt that Fondren had not been moved to act by a sudden heat of

passion caused by a recognized legal provocation. After a thorough review of the

record, and having the benefit of oral argument and the parties' briefs, we reverse

the district court's judgment granting Fondren habeas relief and remand to the

district court with instructions to deny his habeas petition.

## I. BACKGROUND

*A. Facts*

On March 7, 2003, Fondren was convicted in the Circuit Court of Calhoun

County for the murder of Marcus Pugh ("Pugh" or "victim"). The facts are recited

below from the opinion of the Alabama Court of Criminal Appeals on direct appeal

from Fondren's conviction and sentence.

> On December 7, 2001, after having heard rumors that his wife had had
> sexual relations—perhaps involuntarily—with the victim before she
> and Fondren had married, Fondren and his wife were at a local gas
> station when she saw the victim. When he determined the source of
> his wife's obvious discomfort, Fondren decided to pursue the victim.
> As the victim left the gas station, Fondren, too, pulled out of the gas

2

station and began to follow the victim. Fondren tailgated the victim at 80 m.p.h., flashing his headlights and trying to encourage the victim to pull over to the side of the road, to no avail. Fondren then took his wife home and returned to the street where he had seen the victim turn off from the tailgating incident. Fondren found the victim at the victim's uncle's house and pulled up to the end of the driveway. Yelling and arguing ensued, with the victim standing at the end of his uncle's driveway, Fondren in his truck parked at the end of the driveway in the street, and the victim's girlfriend looking on. Fondren tried to convince the victim to go someplace else to settle their differences, but the victim refused. Fondren drove away, but returned, and the argument continued. The victim approached Fondren's car in an apparently menacing fashion, and Fondren shot the victim in the abdomen with a rifle he kept in the floorboard of the truck during deer hunting season. The victim died from the gunshot wound. Fondren claimed that he thought he saw the victim drawing a weapon from the waistband of his pants. The victim's girlfriend testified that, during the altercation, the victim had retrieved from under the seat of his car a "little metal bar," approximately one foot long, with "a little bit of rubber on it" and maybe a handle.

Fondren did not deny killing Pugh at trial; his primary argument was that he had acted in self-defense.

At the heart of this appeal are the jury instructions used during Fondren's trial. The trial court's jury instructions did not include a negative heat of passion instruction. The court charged the jury on self-defense as justification for the killing and on the lesser-included offense of manslaughter.

B. *Procedural History*

On March 7, 2003, Fondren was found guilty of capital murder, in violation of Ala. Code § 13A-5-40(a)(18). He was sentenced to life imprisonment without parole. Fondren appealed his conviction and sentence to the Alabama Court of

3

Criminal Appeals. On April 23, 2004, that court affirmed Fondren's conviction and sentence in an unpublished memorandum opinion. The Supreme Court of Alabama denied his petition for writ of certiorari.

On August 11, 2005, Fondren filed a petition for relief from judgment pursuant to Rule 32 of the Alabama Rules of Criminal Procedure in the Circuit Court of Calhoun County. Fondren's central argument was that his attorneys were constitutionally ineffective when they did not request the negative heat of passion instruction. After conducting an evidentiary hearing on November 20, 2006, the circuit court entered an order denying the petition. Importantly, the circuit court rejected Fondren's ineffective-assistance claim, concluding that the negative heat of passion instruction was not supported by the evidence presented at trial. The court explained that the evidence established that Fondren was the first aggressor, that he had chased Pugh to his uncle's house, that he had departed, and that he had returned and shot the victim. The court also noted that there was no evidence that the victim was armed, that he was about to commit a serious felony, or that he was about to cause serious physical injury to Fondren. In sum, the court held that there was no evidence presented at trial or at the Rule 32 hearing that Fondren had been sufficiently provoked to entitle him to a negative heat of passion jury instruction, and, for that reason, Fondren's counsel could not have been constitutionally ineffective for failing to request such an instruction.

4

Fondren appealed the decision denying his Rule 32 petition, and on October 26, 2007, the Alabama Court of Criminal Appeals affirmed the Rule 32 court's decision. On August 8, 2008, the Alabama Supreme Court denied Fondren's petition for writ of certiorari.

Shortly thereafter, Fondren filed a federal habeas corpus petition under 28 U.S.C. § 2254 and again claimed, *inter alia*, that he was denied effective assistance of counsel based on his counsel's failure to request the negative heat of passion instruction. The federal magistrate judge recommended that the district court dismiss the petition in its entirety. The district court, while accepting the magistrate judge's recommendation on Fondren's other claims, disagreed with the recommendation on Fondren's claim based on the negative heat of passion instruction. The district court rejected the state court's finding that no instruction was warranted under the facts of the case and concluded that counsel was ineffective for failing to request such an instruction.[1] The district court ordered a new trial, and the State of Alabama now appeals.

## II. STANDARD OF REVIEW

This Court reviews the district court's decision granting Fondren habeas relief *de novo*. *Muhammad v. Sec'y, Fla. Dep't of Corr.*, 733 F.3d 1065, 1071 (11th

---

[1] The district court reached this conclusion by focusing on the fact that Fondren and Pugh argued in the drive-way of Pugh's uncle's house and that Fondren shot Pugh when Pugh charged at him with what Fondren testified he thought might be a weapon.

5

Cir. 2013), *cert. denied*, 134 S. Ct. 893, 187 L. Ed. 2d 700 (2014). Fondren's § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which precludes federal courts from granting habeas relief on a state court claim adjudicated on the merits unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if it applies a rule that contradicts the governing law set forth by the U.S. Supreme Court or arrives at a result that differs from Supreme Court precedent when faced with materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694, 122 S. Ct. 1843, 1850, 152 L. Ed. 2d 914 (2002). A state court decision involves an "unreasonable application" of clearly established federal law if "the state court correctly identifies the governing legal principle" from the relevant Supreme Court decisions "but unreasonably applies it to the facts of the particular case." *Id*. The key question is whether the state court's application of Supreme Court precedent is "objectively unreasonable," not simply whether a federal court "concludes in its independent judgment that the . . . state-court decision applied clearly established

6

federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S. 766, 773, 130 S. Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010) (quotation marks omitted).

Our review is also limited by AEDPA's highly deferential treatment of state-court decisions.[2] *See Lindh v. Murphy*, 521 U.S. 320, 334 n.7, 117 S. Ct. 2059, 2067 n.7, 138 L. Ed. 2d 481 (1997) (referring to "§ 2254(d)'s new, highly deferential standard for evaluating state-court rulings"). It is a cardinal principle that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," and that, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991). Moreover, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court," *Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002), and expressly states that "a determination of a factual issue made by a State court shall be presumed to be correct."

## III. DISCUSSION

The question presented by this appeal is whether Fondren's counsel was constitutionally ineffective by failing to request a negative heat of passion jury

---

[2] We note that Fondren's ineffective assistance of counsel claim regarding the negative heat of passion instruction was raised in his Rule 32 petition and denied on the merits.

7

instruction.[3] To establish that counsel was constitutionally ineffective, a petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Our review of an attorney's performance is highly deferential. Thus, to show that counsel performed deficiently, the petitioner must meet the "heavy burden" of demonstrating that "no competent counsel would have taken the action that his counsel did take." *Osborne v. Terry*, 466 F.3d 1298, 1305-06 (11th Cir. 2006) (internal quotation marks and citation omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc). The court's review of counsel's performance should focus on "not what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler*, 218 F.3d at 1313 (*quoting Burger v. Kemp*, 483 U.S. 776, 107 S. Ct. 3114, 3126, 97 L. Ed. 2d 638 (1987)).

The negative heat of passion instruction that is at the center of Fondren's ineffective-assistance claim is derived from the following provision included in Alabama's murder statute:

> A person does not commit murder under subdivisions (a)(1) or (a)(2) of this section if he or she was moved to act by a sudden heat of passion caused by provocation recognized by law, and before there

---

[3] As described above, the negative heat of passion instruction would have informed the jury that, to convict Fondren of capital murder, the state needed to prove beyond a reasonable doubt that Fondren was not moved to kill Pugh "by a sudden heat of passion caused by provocation recognized by law." Ala. Code. § 13A-6-2.

had been a reasonable time for the passion to cool and for reason to reassert itself. The burden of injecting the issue of killing under legal provocation is on the defendant, but this does not shift the burden of proof. This subsection does not apply to a prosecution for, or preclude a conviction of, manslaughter or other crime.

Ala. Code § 13A-6-2(b). Notably, the burden to inject the heat of passion issue into proceeding is on the defendant, and, as a consequence, a defendant is entitled to a negative heat of passion instruction only once he has satisfied this burden. *See Ex parte McGriff*, 908 So. 2d 1024, 1035 (Ala. 2004).

In the case at hand, the Alabama court determined that Fondren had not satisfied his burden to inject the heat of passion issue into the trial and, therefore, that he was not entitled to a negative heat of passion instruction. The Alabama court noted that Fondren had a long-standing grudge against the victim because Fondren's wife had a prior relationship with him and that Fondren was the first aggressor, having chased the victim to the victim's uncle's house. The court also observed that Fondren drove past the victim at his uncle's house and then returned to further pursue their confrontation.[4] Based on these facts, the Alabama court concluded that, under Alabama law, Fondren had failed to inject the heat of passion issue into his trial, and we cannot reexamine this state-court determination of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604, 163 L. Ed. 2d 407 (2005) ("We have repeatedly held that a state court's interpretation

---

[4] The Alabama court's factual determinations were not unreasonable, and we therefore defer to those facts. *Robinson*, 300 F.3d at 1342.

9

of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Estelle*, 502 U.S. at 67-68, 112 S. Ct. at 480 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Rather, we can only ask whether the state court's decision was contrary to clearly established *federal* law. We conclude that it was not.

To show that the Alabama court's decision was contrary to federal law, Fondren relies heavily on *Mullaney v. Wilbur*, 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975). At issue in *Mullaney* was Maine's murder statute, which required the state to prove that a killing was unlawful and intentional beyond a reasonable doubt and dictated that, once the state did so, "malice aforethought was to be conclusively implied unless the defendant proved by a fair preponderance of the evidence that he acted in the heat of passion on sudden provocation." *Id.* at 685-86, 95 S. Ct. at 1882-83. The Supreme Court held that the presumption of malice aforethought unconstitutionally shifted to the defendant the burden of proving the absence of heat of passion. The Court explained that the Due Process Clause requires "the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation" in cases where "the issue is properly presented in a homicide case." *Id.* at 703-04, 95 S. Ct. at 1892. The Court did not, however, expand on when an issue has been "properly presented."

10

In the instant case, unlike in *Mullaney*, the murder statute at issue does not shift the burden of establishing the existence or non-existence of heat of passion from the state to the defendant. *See* Ala. Code § 13A-6-2(b) ("The burden of injecting the issue of killing under legal provocation is on the defendant, *but this does not shift the burden of proof*." (emphasis added)). Rather, under Alabama law, a defendant bears the burden of raising the heat of passion issue, but, once he does so, the ultimate burden of persuasion remains on the prosecution. *Id.*; *see also Mullaney*, 421 U.S. at 695 n.20, 95 S. Ct. at 1888 n.20 (discussing the distinction between "a burden of producing some probative evidence on a particular issue and a burden of persuading the factfinder with respect to that issue by a standard such as proof beyond a reasonable doubt"). This approach is entirely consistent with *Mullaney*, which states that the prosecution must prove the absence of heat of passion "when the issue is properly presented." *Mullaney*, 421 U.S. at 704, 95 S. Ct. at 1892. Only if we were to conclude, contrary to the Alabama court's interpretation of its own law, that Fondren *had* indeed raised the heat of passion issue, would we have any basis to determine that the Alabama court had run afoul of *Mullaney* by relieving the prosecution of its burden to prove that Fondren did not act in the heat of passion. Nothing in *Mullaney* or any other clearly established federal law, however, dictates that Fondren had sufficiently raised the heat of

11

passion issue under the facts of this case. We therefore have no ground on which to reject the Alabama court's determination that he did not on habeas review.

Because, as a matter of Alabama law, Fondren failed to inject the heat of passion issue at trial, he was not entitled to the negative heat of passion instruction, and his counsel could not have been ineffective for failing to request it. *See, e.g.*, *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) (rejecting the claim that an attorney was ineffective for failing to object to evidence as inadmissible under Florida law because the Florida courts had already held that such an objection would have been overruled as a matter of state law). It is axiomatic that if an instruction was not warranted by the facts established at trial, then a failure to request such instruction or object to its absence cannot constitute ineffective assistance of counsel. We are also persuaded by the fact that the Alabama judge who ruled on Fondren's ineffective-assistance claim is the same judge who presided at trial. The judge was therefore intimately aware of everything that happened during and was involved in the trial. *Id.* at 1347.

To reiterate, it is evident from our review of the entire record that the Alabama court's rejection of Fondren ineffective-assistance claim was not contrary

to clearly established federal law, and he is therefore not entitled to relief under § 2254.[5]

## IV. CONCLUSION

Because Fondren's constitutional right to effective assistance of counsel was not violated, we **REVERSE** the district court's grant of Fondren's habeas corpus petition and **REMAND** with instructions to deny the petition.

---

[5] We note that the Alabama Court of Criminal Appeals provided additional reasons for rejecting Fondren's ineffective assistance of counsel claim. However, because the Alabama court's denial of Fondren petition was justified for the reasons we have discussed, the additional reasons it provided are unnecessary and irrelevant to the viability of Fondren's habeas petition. *See Morton v. Sec'y, Fla. Dep't of Corr.*, 684 F.3d 1157, 1171-72 (11th Cir. 2012). Accordingly, we do not address them.