FILED
United States Court of Appeals
Tenth Circuit

May 2, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

OLIN COONES,

Petitioner - Appellant,

v.

JAY SHELTON; DEREK SCHMIDT,

Respondents - Appellees.

No. 16-3329
(D.C. No. 5:16-CV-03090-JWL)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Olin Coones seeks a certificate of appealability ("COA") to appeal the denial

of his 28 U.S.C. § 2254 petition. We deny a COA and dismiss the appeal.

**I**

The facts underlying Coones' first-degree murder conviction are thoroughly

recited in the Kansas Supreme Court's decision on direct appeal. See State v.

Coones, 339 P.3d 375, 381-82 (Kan. 2014). Accordingly, we provide only a brief

summary.

In 2008, Coones was charged with the premeditated murder of Kathleen

Schroll and her husband. See id. at 381. The couple was found dead in their home in

---

* This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the early morning hours of April 7, 2008. Id. Schroll died from one gunshot wound to the back of the head, and her husband from two gunshot wounds to the chest. Id.

Coones was tried twice in state court, both times represented by Patti Kalb. Id. At the first trial, Coones was convicted of Schroll's murder but acquitted of her husband's. Id. However, because the government had failed to timely disclose evidence to the defense, a new trial was granted as to Schroll's death. Id. At the second trial, Coones was again convicted. Id. A key piece of evidence in the government's case was a phone call from Schroll to her mother, Elizabeth Horton, immediately prior to her death, in which she stated that Coones was in the house and planning to kill both her and her husband. Id. Photographs of Horton's caller ID device, which reflected an incoming phone call from Schroll's home at 2:21 a.m., were introduced at trial. Id. The defense attempted to undermine the reliability of that evidence by highlighting a discrepancy between the phone numbers reflected on the caller ID and Horton's phone records, and by advancing a theory that the killings were the result of a murder-suicide. Id. at 381-82. This theory was supported by expert witness testimony that the state had failed to properly test physical evidence— such as biological tissue and gunshot residue—found at the crime scene, which could have implicated Schroll as the shooter. Id. at 382.

After the second trial, Kalb withdrew as counsel, and Coones' new attorney filed a motion for a new trial on the basis that Kalb's representation had been constitutionally deficient. Id. Following an evidentiary hearing, the trial court concluded that Kalb had not rendered ineffective assistance and denied Coones'

2

motion.  Id.  On direct appeal, the Kansas Supreme Court agreed that Kalb's performance was not ineffective and affirmed the conviction.  Id. at 391.  Coones subsequently filed a § 2254 petition in federal district court, reasserting his claims for ineffective assistance of trial counsel.  The district court denied the petition and declined to issue a COA.  Coones now seeks a COA from this court.

## II

A petitioner may not appeal a district court order denying federal habeas relief without a COA.  § 2253(c)(1).  We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  To meet this standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  If a claim was adjudicated on the merits in state court, the petitioner must show that the state court adjudication "was based on an unreasonable determination of the facts" or "was contrary to, or involved an unreasonable application of, clearly established Federal law."  § 2254(d)(1)-(2).  In other words, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."  Harrington v. Richter, 562 U.S. 86, 101 (2011) (quotation omitted).

Coones argues that Kalb, as trial counsel, rendered ineffective assistance by failing to:  (1) challenge the admissibility of the caller ID evidence; (2) secure an expert on caller ID "spoofing"; (3) object to the admission of damaging hearsay

3

statements that violated the Confrontation Clause; and (4) thoroughly cross-examine the police regarding their failure to test for gunshot residue on the victim. He also contends that the combination of these errors deprived him of a fair trial. To prevail on his ineffective assistance claims, Coones must establish both "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). This requires him to "overcome the presumption that, under the circumstances, the challenged action [by trial counsel] might be considered sound trial strategy." Id. at 689 (quotation omitted). Because Coones is seeking federal habeas relief following state court adjudication of his claims, the Strickland standard becomes "doubly" deferential: "[T]he question is not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105.

## A

Coones first contends that trial counsel rendered ineffective assistance by failing to challenge the admissibility of the photographs taken of Horton's caller ID device. He argues that the photographs lacked proper foundation under Kansas law, as stated in State v. Schuette, 44 P.3d 459 (Kan. 2002), because the government did not present any evidence establishing whether the device was working properly on the night of the murders. On appeal, the Kansas Supreme Court rejected Coones' argument, reasoning that the record contained the same foundational evidence held

4

sufficient in <u>Schuette</u>. <u>See</u> <u>Coones</u>, 339 P.3d at 384-85. Although Coones now contends that the Kansas Supreme Court's decision was an unreasonable application of <u>Schuette</u>, we are bound by the state court's determination of its own law. <u>See</u> <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Accordingly, the Kansas Supreme Court's conclusion—that trial counsel was not ineffective for failing to raise a meritless objection to the admission of the photographs—was reasonable.

**B**

In his second claim, Coones asserts that because there was a discrepancy between Horton's phone records and the number appearing on her caller ID device in connection with the 2:21 a.m. phone call, counsel rendered ineffective assistance by failing to secure an expert on caller ID "spoofing."[1] At the hearing on Coones' motion for a new trial, counsel testified that she decided not to locate an expert only after researching spoofing online and determining it was not "a vital part of the case." She explained that she was reluctant to further investigate the discrepancy—and any possibility of caller ID spoofing—for fear of uncovering additional evidence that the phone call from Schroll "was, in fact, a true phone call." Instead, counsel elicited testimony at trial highlighting the discrepancy between Horton's phone records and her caller ID device.

---

[1] "Spoofing" occurs when a caller deliberately falsifies the information transmitted to a recipient's caller ID in order to disguise the caller's identity.

5

The Kansas Supreme Court fairly concluded that counsel's decision not to secure an expert on caller ID spoofing was objectively reasonable: "With evidence of irregularities in AT & T's telephone records before the jury, Kalb remained free to raise the issue whether the caller ID evidence was reliable without adding additional strength to the prosecution's case." Coones, 339 P.3d at 385-86. Because there is a plausible argument that counsel made an informed, strategic trial decision, Coones is not entitled to relief on this claim. See Strickland, 466 U.S. at 690-91 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.").

## C

Coones also asserts that trial counsel should have objected to Horton's statements about the phone call from Schroll as testimonial hearsay, the admission of which violates the Confrontation Clause of the Sixth Amendment. The Kansas Supreme Court determined that Schroll's statements to her mother were non-testimonial under Crawford v. Washington, 541 U.S. 36 (2004), thus their admission did not constitute a Confrontation Clause violation, and counsel was not ineffective for failing to raise an objection at trial. Coones, 339 P.3d at 383-84.

In Crawford, the Supreme Court held that the Confrontation Clause bars admission of testimonial statements against a criminal defendant when the declarant is unavailable to testify at trial and the defendant did not have a prior opportunity for

6

cross-examination. 541 U.S. at 53-54, 68. The Court declined to "spell out a comprehensive definition of 'testimonial,'" stating only that "it applie[d] at a minimum to prior testimony" and "to police interrogations." Id. at 68. In a subsequent case, the Court clarified that "[s]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." Davis v. Washington, 547 U.S. 813, 822 (2006). Coones argues that because Schroll did not ask Horton for help or tell her to call 911, the primary purpose of her statements was not to obtain assistance in an ongoing emergency, but rather to preserve evidence relevant to a later criminal prosecution. However, given the circumstances surrounding the phone call—Schroll made the call to her mother when she believed her life was in immediate danger—the Kansas Supreme Court's contrary determination was a reasonable application of Supreme Court precedent. Accordingly, the court reasonably concluded that trial counsel was not ineffective for failing to raise a meritless objection to Horton's testimony.

**D**

Coones' final argument is that trial counsel was ineffective for failing to adequately cross-examine the police officers on their decision not to conduct gunshot residue testing on Schroll. Coones argued before the Kansas Supreme Court and the district court that counsel had failed to conduct any cross-examination on this subject. But both courts identified multiple instances in the record in which counsel did elicit such testimony, and the Kansas Supreme Court noted that "the jury was

7

clearly apprised of these facts." Coones, 339 P.3d at 387. On appeal, Coones concedes that counsel did address the issue at trial but attempts to reframe his argument in terms of counsel's failure to "pursue this line of defense sufficiently or aggressively enough to support the defense's [murder-suicide] theory." Yet Coones does not explain how this amounts to ineffective assistance, or why the Kansas Supreme Court's conclusion constitutes an unreasonable application of Strickland.[2]

## III

For the foregoing reasons, we **DENY** Coones' request for a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] Because Coones has not shown that his counsel acted ineffectively, his cumulative-error argument necessarily fails. See Jackson v. Warrior, 805 F.3d 940, 955 (10th Cir. 2015) ("[C]umulative-error in the federal habeas context applies only where there are two or more actual constitutional errors." (quotation omitted)).