NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOEL CALDELLIS,<br><br>          Petitioner-Appellant,<br><br>  v.<br><br>MIKE OBENLAND,<br><br>          Respondent-Appellee. | No.   18-35650<br><br>D.C. No. 2:17-cv-00078-RSL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted May 16, 2019[**]
Seattle, Washington

Before: O'SCANNLAIN and FRIEDLAND, Circuit Judges, and PAULEY,[***] District Judge.

Petitioner Noel Caldellis was convicted of first-degree murder in

Washington state court after a jury concluded that his shooting into a crowd at a

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

party, and thereby killing someone in the crowd, had displayed "extreme indifference" to human life. Wash. Rev. Code § 9A.32.030(1)(b) ("A person is guilty of murder in the first degree when . . . [u]nder circumstances manifesting an extreme indifference to human life, he or she engages in conduct which creates a grave risk of death to any person, and thereby causes the death of a person."). Caldellis appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging that conviction. We affirm.

We review a district court's decision to grant or to deny a petition for habeas corpus de novo. *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000). Under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), a federal court can grant habeas relief to a state prisoner "on a claim 'adjudicated on the merits' in state court only if the decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (quoting 28 U.S.C. § 2254(d)(1)). As long as "'fairminded jurists could disagree' on the correctness of the state court's decision," federal habeas relief is unavailable. *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

First, the Washington Supreme Court did not act unreasonably in holding that the prosecutor's isolated comment during rebuttal about Caldellis's decision

2

not to testify at trial was a proper response to defense counsel's closing argument. If "the prosecutor's reference to the defendant's opportunity to testify is a fair response to a claim made by defendant or his counsel . . . there is no violation of the privilege [against self-incrimination]." *United States v. Robinson*, 485 U.S. 25, 32 (1988). Because defense counsel's closing argument offered the jury a number of reasons why Caldellis chose not to testify, it was not unreasonable for the state court to conclude that the prosecutor's vague reference to another "big" reason why he did not testify, was both invited by defense counsel's remarks and not clearly a direct comment on Caldellis's guilt.

We also reject Caldellis's alternative argument that, if defense counsel did invite the response, counsel provided ineffective assistance in violation of Caldellis's Sixth Amendment rights.[1] Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires showing that counsel's deficient performance fell below an objective standard of reasonableness, *id.* at 688, and that but for trial counsel's unprofessional errors, a more favorable outcome would have been achieved, *id.* at 694-95. We need not determine whether counsel's performance was unreasonably

---

[1] Caldellis's ineffective assistance of counsel argument may not have been exhausted in state court, but we need not resolve that question because "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

3

deficient because Caldellis has failed to show prejudice. The prosecutor's comments did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). In light of the strength of the prosecution's case and the fact that the jury received an instruction that comments made during closing arguments are not evidence, Caldellis has not demonstrated that the outcome of the trial would have been different had defense counsel refrained from inviting the prosecutor's rebuttal comment.

Second, the Washington Supreme Court determined that the jury instructions properly set forth the elements of the crime of "extreme indifference" murder under Washington law. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)). Because the instructions properly described state law, Caldellis's claim that the instructions did not set forth the elements of the crime fails.[2]

---

[2] To the extent Caldellis separately challenges alleged ambiguity in the instructions, he has not demonstrated a reasonable likelihood that anything else about the instructions led the jury to apply them in a way that violated his constitutional rights. *See Boyde v. California*, 494 U.S. 370, 380 (1990).

4

Further, the Washington Supreme Court reasonably concluded that because the jury instructions correctly set forth the elements of the crime, counsel's decision not to challenge those instructions also did not amount to deficient performance. Counsel could not have performed deficiently by failing to challenge proper jury instructions, *Strickland*, 466 U.S. at 688, and Caldellis has not demonstrated that these instructions prevented him from arguing his theory of the case—that he did not know of and disregard the risk to human life, *California v. Trombetta*, 467 U.S. 479, 488 (1984) (the Constitution guarantees that "criminal defendants be afforded a meaningful opportunity to present a complete defense").

Finally, we reject Caldellis's ineffective assistance of counsel claim based on counsel's decision not to request a self-defense instruction for the crime of murder. The state court reasonably concluded that defense counsel made a legitimate strategic decision to pursue a defense of excusable homicide instead. Particularly in light of the deference granted to tactical decisions made by trial attorneys, *Wiggins v. Smith*, 539 U.S. 510, 521 (2003), we agree that counsel's performance here was not deficient.

**AFFIRMED.**