**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN THOMAS STARK,

               Petitioner-Appellant,

  v.

DANIEL WHITE,

               Respondent-Appellee.

No. 20-35722

D.C. No. 2:14-cv-01538-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted June 11, 2021[**]
Seattle, Washington

Before:  W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.

Brian T. Stark ("Stark") appeals the district court's denial of his petition for a writ of habeas corpus, which in its present form challenges his conviction in the Washington state courts on two counts of child molestation and one count of incest.  We have jurisdiction under 28 U.S.C. §§ 1291, 2253(a).  Reviewing the district court's ruling de novo, *see Visciotti v. Martel*, 862 F.3d 749, 760 (9th Cir. 2016), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

1. In post-conviction proceedings in the Washington state courts, Stark contended that his trial counsel had been ineffective in failing to interview, and to call at trial, his nephew, Jeffrey Stark ("Jeffrey"). According to Stark, Jeffrey would have contradicted key details of one of the alleged episodes of molestation claimed by Stark's step-daughter C.W., *viz.*, an incident that assertedly occurred when C.W., Stark, and Jeffrey went bike riding together and Stark sent Jeffrey home. In support of this contention, Stark presented a letter purportedly written by Jeffrey in 2011, three years prior to Jeffrey's untimely death from cancer, together with declarations from Stark's wife and sister-in-law that Stark contended provided adequate foundation for the letter. The letter asserted that the author would "testify under oath" that C.W.'s allegations about this incident were "false because we never went on a bike ride and Brian never told me to go home."

In "the last reasoned decision from the state court," *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018) (simplified), the Acting Commissioner of the Washington Supreme Court concluded that, under the Washington Evidence Rules, the letter was both insufficiently authenticated and "classic hearsay." Setting aside the letter as not constituting "competent evidence," the Acting Commissioner concluded that Stark had failed to show sufficient prejudice and that his "ineffective assistance claim necessarily fails for lack of evidentiary support." A

2

majority of the Justices of the Washington Supreme Court voted to deny Stark's motion to modify the Acting Commissioner's ruling.

a. Stark first contends that the state supreme court's rejection of the proffered letter violated his due process rights. Stark raised this federal issue in his motion to modify the Acting Commissioner's ruling in the Washington Supreme Court, and that court's summary denial of that motion must therefore be understood as a rejection of that claim on the merits. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011). Consequently, we review this issue through the deferential standards of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[1] Given the reasonable questions raised concerning the foundation and reliability of the letter, the state court reasonably concluded that exclusion of the letter did not render the state post-conviction proceedings so fundamentally unfair as to amount to a due process violation. *See Estelle v. McGuire,* 502 U.S. 62, 75 (1991); *see also id*. at 70 (noting that, subject to the "'fundamental elements of fairness'" required by the Due Process Clause, States have discretion to set their own rules of procedure and evidence) (citation omitted).

The parties also vigorously dispute whether the state court correctly applied the relevant state rules, but "it is not the province of a federal habeas court to

---

[1] We would reach the same conclusion even if we reviewed this issue de novo.

reexamine state-court determinations on state-law questions."[2] *Id.* at 67–68.

Although Stark argues that the Commissioner violated his due process rights by applying those state-law rules in an arbitrary and wholly unexpected manner, *cf. Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980), the Washington Supreme Court reasonably rejected that contention.

In short, under any standard of review, we perceive no basis in federal law for setting aside or disregarding the state court's ruling excluding the alleged letter from Jeffrey on state-law grounds.

b. We reject Stark's remaining challenges to the state supreme court's denial of his ineffective assistance claim. The court's conclusion that, after application of the evidence rules, Stark lacked sufficient evidence of prejudice to meet the ineffective-assistance standards of *Strickland v. Washington*, 466 U.S. 668 (1984), was a decision on the merits of that claim and is therefore entitled to deference under AEDPA. Given the exclusion of the alleged letter from Jeffrey, the state high court did not act unreasonably in concluding that the remaining record did not contain sufficient evidence of prejudice under *Strickland*.

2. Applying AEDPA's deferential standards, we conclude that the

---

[2] To the extent that the Washington courts' resolution of this state-law admissibility issue rested on predicate determinations of fact, Stark failed to rebut those factual findings by clear and convincing evidence. 28 U.S.C. 2254(e)(1); *see also Bradshaw v. Richey*, 546 U.S. 74, 79 (2005).

Washington courts reasonably rejected Stark's further contention that a particular jury instruction at his trial unconstitutionally lessened the State's burden of proof.

The relevant jury instruction was a specific unanimity instruction that—in a portion that Stark does not challenge—told the jurors that, to convict Stark on each count, the jurors must respectively find "one particular act" of molestation or intercourse to "be proved beyond a reasonable doubt, and you must unanimously agree as to which act has been proved." Stark challenges only a preliminary sentence added to the instruction, which used the following language to describe the multiple acts that had been the subject of testimony in the case: "Evidence has been produced suggesting that the defendant committed acts of Child Molestation in the First Degree and Incest in the First Degree on multiple occasions." Stark contends that this sentence essentially told the jurors that Stark *had* committed such acts "and that their only task was to agree to the same act for each count." The instruction, according to Stark, thereby reduced the State's burden to prove every element of the offenses beyond a reasonable doubt and effectively directed a verdict.

The last reasoned decision on this issue was likewise issued by the Acting Commissioner of the Washington Supreme Court, and a majority of the Court's Justices voted to uphold that ruling. Stark asserts that the Acting Commissioner's ruling addressed only Stark's state-law grounds for challenging the instruction and

5

overlooked his federal-law arguments, but we disagree. Although citing a state case in discussing the issue, the Acting Commissioner specifically concluded that the challenged instruction was not "tantamount to a directed verdict." That standard is at least as protective as the federal constitutional standard, which forbids "a directed verdict for the State" in a criminal case and instead requires the State to "prove every fact necessary to constitute the crime with which the defendant is charged beyond a reasonable doubt." *Rose v. Clark*, 478 U.S. 570, 580 (1986) (simplified); *see also State v. Jackman*, 104 P.3d 686, 690 (Wash. App. 2004) (holding that provision of Washington Constitution prohibiting judicial comment or charge on factual matters was violated by instruction that "impermissibly relieved the State of its burden of proving an essential element of the crime beyond a reasonable doubt and . . . was tantamount to a directed verdict"). Stark has not rebutted the presumption that the Acting Commissioner rejected Stark's federal arguments on the merits. *Johnson v. Williams*, 568 U.S. 289, 301 (2013) ("[I]f the state-law rule subsumes the federal standard—that is, if it is at least as protective as the federal standard—then the federal claim may be regarded as having been adjudicated on the merits.") Accordingly, AEDPA deference applies to the state high court's adjudication of this federal claim. *See Harrington*, 562 U.S. at 99.

The state supreme court reasonably found that, in the context of the jury

6

instructions as a whole, the challenged sentence did not relieve the State of its burden of proving every element of the crimes charged. Reasonable jurists could conclude, as the Acting Commissioner did, that the sentence was "an awkwardly worded statement to the effect that evidence was presented of the alleged crimes"; that the phrasing "did not convey or imply an instruction to the jury to give particular weight to the State's evidence or that the evidence was credible"; and that the challenged sentence did not undermine the other clear instructions that the State had the burden to prove every element beyond a reasonable doubt.

**AFFIRMED**.