*Ash v. Miller*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

JAMEL ASH,

> *Petitioner-Appellant*,

> v. 23-7266

MARK MILLER, IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT, GREEN HAVEN CORRECTIONAL FACILITY;

> *Respondent-Appellee.*\*

---

FOR PETITIONER-APPELLANT: DANIEL P. SCHUMEISTER, Office of the Appellate Defender, *for* The Legal Aid Society, New York, N.Y. (Harry P. Morgenthau and David M. Alexander, Herbert Smith Freehills Kramer LLP, New York, N.Y., *on the brief*).

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR RESPONDENT-APPELLEE: JULIAN JOIRIS (Leonard Joblove and Sholom J. Twersky, *on the brief*), Assistant District Attorneys, *for* Eric Gonzalez, District Attorney for Kings County, Brooklyn, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, II, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner Jamel Ash was convicted in New York State court of felony murder after a bench trial. Ash then moved to vacate his conviction due to ineffective assistance of counsel, claiming that his lawyer should have made a foreseeability defense. The judge denied his motion, explaining that he had independently considered foreseeability in reaching his verdict, so Ash was not prejudiced by his counsel's failure to raise the issue.

After exhausting his state court appeals, Ash filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied the petition, but we granted a certificate of appealability. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's grant or denial of habeas corpus *de novo.*" *Jordan v. Lamanna*, 33 F.4th 144, 150 (2d Cir. 2022) (quotation marks omitted). But here, we are bound by the Appellate Division's conclusion that the evidence was sufficient to find that Battle's "fatal cardiac arrest was a reasonably foreseeable consequence of the defendant's conduct." App'x at 601; *see Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction,

2

binds a federal court sitting in habeas corpus."). The Appellate Division not only found that the evidence was sufficient at trial, but it also concluded that "the verdict of guilt as to murder in the second degree," including as to foreseeability, "was not against the weight of the evidence." App'x at 601.

We have considered Ash's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court